Alan B. LARKIN et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 7074.

United States Court of Appeals
First Circuit.

May 8, 1968.

Jack H. Calechman, Boston, Mass., for petitioners.

Barnes H. Ellis, Attorney, Department of Justice, with whom Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson and William A. Friedlander, Attorneys, Department of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Petitioners, Alan B. Larkin and his brother Harold S. Larkin, each own 50% of the outstanding stock of the corporate petitioner, Register Publications, Inc. Both brothers are also officer-employees of the corporation. In the tax years 1961, 1962 and 1963 the corporation made substantial medical reimbursement payments to the Larkin brothers which it deducted as ordinary and necessary business expense in its tax returns for said years. Also, the Larkins excluded these payments from taxable income in their individual tax returns for these three years, claiming exemption under section 105 of the Internal Revenue Code of 1954. The Commissioner of Internal Revenue disallowed the deductions to the corporation and required the two individual taxpayers to include these amounts in their taxable income on the theory that they were substantially equivalent to a dividend. The Tax Court upheld the determination of the Commissioner.

This is a petition to review the Tax Court's decision. The precise issue is whether the provision made by the corporation for these medical reimbursement payments constitutes a "plan for employees" within the meaning of section 105.[1]

■ Despite the several issues raised by the parties, particularly the question of whether discriminatory provisions are forbidden in a plan adopted under section 105(b), as the Tax Court recognized the problem here admits of a much simpler analysis. (1) Was there a plan at all? (2) If so, was it a plan for *employees?* To succeed in their claims, petitioners must show that both of these conditions are satisfied and overcome factual findings of the Tax Court. On this basis we do not think they satisfied either condition.

The minutes of the annual meetings of the directors and stockholders of the corporation in the years from 1956 to 1963 each contained the following resolution:

"Upon motion duly made and seconded it was VOTED to continue the accident and health plan for such employees that the officers at their discretion consider should be covered."[2]

The treasury regulation (1.105–5(a)) enacted pursuant to section 105 is a liberal one. Under it the plan need not be in writing and the employees' rights to benefits under it need not be enforceable as long as they had prior knowledge of the fact that they were covered. Also, a plan may cover one or more employees and there may be different plans for different employees or classes of employees. But there must be a *plan.*[3] Here the amounts to be paid and the circumstances under which they were to be paid were decided on an ad hoc basis. Alan Larkin, the only witness, acknowledged that the employees were not informed directly even of the existence of the plan; further, that even if an employee were covered, he would not necessarily be paid for unusually heavy medical bills. No limits were determined as to time or amount.

■ Moreover, even if we were to assume, as the Tax Court did, that there is a plan here, the question arises whether it was "for employees," i. e., designed to benefit employees as such. The record suggests that it was stockholders and their relatives who were benefited. Of the four employees who received benefits,[4] three were Harold and Alan Larkin, stockholders, and their father, Joseph Larkin. The fourth was a long time employee named Pluznick and even he did not share in the Blue Cross payments made during the period in question. These latter benefits were exclusively for the stockholders and their relatives.

On the basis of this, the Tax Court concluded: "we think that the genesis of such 'plan' was to benefit stockholders and their relatives and only incidentally and sporadically nonstockholder employees." We cannot say that this finding was clearly erroneous.

The decision of the Tax Court is affirmed.

1. Section 105(a) states a general rule of includibility of "amounts received by an employee through accident or health insurance." This section controls unless the exclusionary terms of section 105(b) are met.

2. Other than the foregoing, there was no written evidence of a corporate program for medical benefits.

3. Early in the proceedings in the Tax Court, the court informed petitioners here of the need to indicate just what the plan was. " * * * you may want to clear up what seems to be an infirmity in the stipulation of facts. * * * The record does not show what the accident and health plan was and I hope that you will see that it is in the record before we are finished."

4. The corporation had about forty-five employees. Of these about one-third were full-time, permanent employees; one-third temporary and one-third part-time. Only the full-time, permanent employees were even considered for participation in the medical program.