Edward D. Smithback and Mary Smithback v. Commissioner. Ed Smithback Plumbing, Inc. v. Commissioner.
Smithback v. Commissioner
Docket Nos. 1127-68, 1128-68.
United States Tax Court
T.C. Memo 1969-136; 1969 Tax Ct. Memo LEXIS 160; 28 T.C.M. (CCH) 709; T.C.M. (RIA) 69136; June 30, 1969, Filed Phillip E. Crump, 828 N. Broadway, Milwaukee, Wis., for the petitioners. Alan B. Shidler, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax in these consolidated proceedings as follows: Petitioner
Taxable Year
Deficiency
Edward D. Smithback and Mary Smithback
1964
$257.80
Docket No. 1127-68
Ed Smithback Plumbing, Inc.
12/1/63 to 3/31/64
263.69
Docket No. 1128-68
3/31/65
375.31
After concessions, the only issues we must decide are whether payments by Ed Smithback Plumbing, Inc. of personal medical expenses of Edward D. Smithback and his family during his taxable year 1964 are excludable from his gross income under section 105, I.R.C. 1954, [1] and whether such payments are properly deductible by the corporation as ordinary and necessary business expenses under section 162(a) for its fiscal years ending March 31, 1964 and March 31, 1965. 710 Findings of Fact Some of the facts have been stipulated *162 and are so found. The stipulation and the exhibits attached thereto are incorporated herein by this reference. Edward D. Smithback (hereinafter referred to as Edward) and Mary Smithback, husband and wife, resided in Stoughton, Wisconsin, at the time they filed their petition herein. They filed joint Federal income tax returns for their taxable years 1963 and 1964 with the district director of internal revenue, Milwaukee, Wisconsin. Ed Smithback Plumbing, Inc. (hereinafter referred to as the company), a Wisconsin corporation, had its principal office in Stoughton, Wisconsin, at the time it filed its petition herein. The company filed its Federal income tax returns for its fiscal years ending March 31, 1964 and March 31, 1965, with the district director of internal revenue, Milwaukee, Wisconsin. Prior to the incorporation of his business in November 1963, Edward was successfully engaged in the plumbing contracting business as sole proprietor. In November 1963 a meeting was held in the office of Edward's attorney to discuss the merits of incorporating Edward's plumbing business. Edward's accountant was also present. It was suggested that, as a benefit of incorporating, Edward could *163 reduce his income taxes by having the company pay and deduct from its income taxes Edward's and his family's personal medical expenses, and that such payments would be excludable from Edward's individual income. Edward was advised that any plan for such payments could discriminate in effect among employees by providing for payment only of the medical expenses of the company's full-time salaried employees, of which Edward would be the only one, and that the plan did not have to be in writing. Edward was also advised that by incorporating he could limit his personal liability. There was also some discussion about a pension plan. Edward decided to incorporate. Sometime in 1964 Edward told a new part-time bookkeeper for the corporation to pay any medical bills that came into the office for Edward or his family. No medical expense payments were made during the taxable years for any other persons employed by the corporation. No medical payment plan was ever reduced to writing nor was any reference to such a "plan" made in the corporate minutes until March 30, 1966. The reference then was as follows: A discussion was had as to whether the corporation should continue the plan of all medical *164 expenses of the present President and his family, and it was moved and unanimously carried that the plan for payment of all medical expenses of the President and his family should be continued. Edward transferred to the corporation the operating assets of his plumbing business, consisting of: Material
$ 8,660.59
Tools and Vehicles
11,494.47
Adding Machine 166.65
$20,321.71 During the years in issue Edward owned all of the issued and outstanding shares of stock of the company consisting of 100 shares of common stock issued at $100 per share. As of March 31, 1965, the company had the following liquid assets: Cash
$ 1,923.79
Notes and Accounts Receivable 26,247.76
$28,171.55
The company's earned surplus and undivided profits for its fiscal years ending March 31, 1964 and March 31, 1965, were $19,186.08 and $38,162.76, respectively. The corporation paid no dividends during the taxable years. During the years in issue, the officers and board of directors of the company have consisted of Edward and Mary Smithback and Edward's attorney. The company's only full-time salaried employee during these years was Edward. There were also two plumbers *165 and a part-time bookkeeper who were paid on an hourly basis. In 1964, Edward and his family incurred personal medical expenses of $1,117.68, which were paid by the company. No amount representing the company's payment of these expenses was included in Edward's income declared for 1964. Of this amount, $70 represented expenses of Edward's wife and children. During its fiscal years ending March 31, 1964 and March 31, 1965, the company made payments for medical expenses incurred by Edward and his wife and children of $522.08 and $758, respectively. The company claimed deductions of these payments for each year, respectively. The Commissioner determined deficiencies in the income taxes of petitioners reflecting his determination that the payment of these medical expenses were includable in 711 Edward's income and were not deductible by the company. Opinion We must decide whether the payments of medical expenses of Edward and his family are excludable from Edward's gross income under section 105 and deductible by the company as ordinary and necessary business expenses under section 162(a), I.R.C. 1954. *166 Subsection (a) of section 105 sets forth the general rule of includability of such amounts in gross income - SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS (a) Amounts Attributable to Employer Contributions. - Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. Subsection (b) carves out an exception with respect to reimbursed medical expenses - (b) Amounts Expended for Medical Care. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include amounts *167 referred to in subsection (a) if such amounts are paid, directly or indirectly, to the taxpayer to reimburse the taxpayer for expenses incurred by him for the medical care (as defined in section 213(e)) of the taxpayer, his spouse, and his dependents (as defined in section 152). Subsection (e) provides - (e) Accident and Health Plans. - For purposes of this section and section 104 - (1) amounts received under an accident or health plan for employees * * * shall be treated as amounts received through accident or health insurance. The existence of a "plan" to pay the employee's medical expenses is a fundamental prerequisite of excludability of payments from the gross income of the employee. Alan B. Larkin, 48 T.C. 629 (1967), affd. 394 F. 2d 494. The plan must be "a plan for employees;" the purpose of the plan must be to benefit employees as distinguished from other classes of persons. Alan B. Larkin, supra. Assuming, without deciding, that the medical payments herein were made pursuant to a "plan," we do not think the purpose of the plan *168 was to benefit Edward as an employee; rather, we are persuaded the purport of the plan was to benefit Edward as owner of his plumbing business and as the sole stockholder of the corporate business. We understand the genesis and the primary purpose of the plan - indeed, of the incorporation of Edward's business - to have been the avoidance of Federal taxation, a purpose which obviously was to benefit Edward in his capacity as owner of the business rather than as employee. The plan did not confer any health or medical benefits upon Edward as employee. In these circumstances, we hold that petitioners have failed to show the purpose of the assumed plan was to benefit employees. Such being the case, the medical payments are includable in the individual petitioners' gross income as distributions of earnings and profits of the company, i.e., dividends, and such payments are not deductible by the company under section 162. [2]Alan B. Larkin, supra.In our opinion the facts of this case are stronger for the Commissioner than in the Larkin case. Accordingly, *169 Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩
2. Ed Smithback Plumbing, Inc. has not claimed that the medical expense payments constituted additional compensation deductible under section 162(a)↩.