E. B. and Lillian R. Smith v. Commissioner. Smith Municipal Supplies, Inc. v. Commissioner.
Smith v. Commissioner
Docket Nos. 1260-68, 1261-68.
United States Tax Court
T.C. Memo 1970-243; 1970 Tax Ct. Memo LEXIS 116; 29 T.C.M. (CCH) 1065; T.C.M. (RIA) 70243; August 26, 1970, Filed *116 Smith Municipal Supplies, Inc. had in existence a medical benefits plan for the purpose of benefiting officers, who were also the shareholders of the corporation, in their capacity as employees. Held: (1) The medical reimbursement payments received by the officers are excludable from their gross income under sec. 105(b), I.R.C. 1954, and (2) those payments are deductible by the corporation under sec. 162(a), I.R.C. 1954. Joe T. Renner, Fid. Union Tower, Dallas, Tex., for the petitioners. W. John Howard, Jr., for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined deficiencies in the petitioners' income taxes as follows: *118 Docket No.
Petitioner
Taxable Year
Deficiency
1260-68
E.B. and Lillian R. Smith
1965
$451.35 l1261-68
Smith Municipal Supplies, Inc.
1965
$984.24
As a result of concessions by the parties, we are presented only with the questions of (1) whether medical reimbursement payments by Smith Municipal Supplies, Inc. to E. B. and Lillian R. Smith are excludable from the Smiths' gross income under section 105(b), [1] and (2) whether such payments are deductible by Smith Municipal Supplies, Inc. under section 162(a). Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits thereto are incorporated herein by this reference. The petitioners in docket No. 1260-68, E. B. and Lillian R. Smith, are husband and wife, whose legal residence on the date of the filing of their petition herein was Lancaster, Texas. The petitioner in docket No. 1261-68, Smith Municipal Supplies, Inc. (hereinafter "the Corporation") is a corporation incorporated under the laws of the State of Texas. Its principal place of business on the date *119 of the filing of its petition herein was Dallas, Texas. During 1965 the Corporation was engaged in the business of selling supplies to municipalities. The joint income tax return of the Smiths and the tax return of the Corporation for calendar 1965 were filed with the district director of internal revenue, Dallas, Texas. The Corporation's return indicated that its books reflected earned surplus and undivided profits as of December 31, 1965 of $12,625.21. E. B. and Lillian R. Smith own all of the outstanding capital stock of the Corporation as community property. E. B. and Lillian R. Smith were directors and corporate officers of the Corporation prior to and during the taxable year 1965. They have held the following offices in the Corporation since September 11, 1962: E. B. Smith…President Lillian R. Smith…Vice President, Secretary and Treasurer Lillian R. Smith worked a full day at the corporate office and took work home at night. E. B. Smith traveled the Corporation's sales territory five full working days a week. In 1965 the annual compensation of Lillian R. and E. B. Smith was $6,800 and $9,950, respectively. During 1965, the employees of the petitioner-Corporation, *120 other than E.B. and Lillian R. Smith, and their length of service as of the end of that year, were as follows: Employee
Length of Service
J. R. Cupp
35 months
Hazel Mills
4 months
Donald M. Counts
3 months
Dennis Gilliham
3 months
Mayme B. White
3 months
Evie Bowers
2 months
Minie Lee Grant
2 months
Lea Dyanne O'Neal
2 months
John Harvey Cupp
1 month
Raymond Norris
1 month
Margaret Jane Smith
1 month
Mary Smith
1 month None of the above-named employees were officers of the Corporation. J. R. Cupp was 1066 a warehouseman. The other employees were either shipping clerks, secretaries or production employees. Total salaries and wages paid during 1965 to these employees totaled $10,997.07. The Corporation did not pay any of the medical expenses of these employees. None of these employees knew that the Corporation had a medical reimbursement plan. In 1963 Arthur C. White, a certified public accountant who was a director of the Corporation and who advised the Corporation and the Smiths on tax matters, advised the Corporation of the provisions of section 105 relating to the medical reimbursement plans. Acting upon Mr. White's advice, *121 the Corporation began to reimburse its officers for all their medical expenses. No written evidence of the Corporation's medical reimbursement plan existed during 1965. In 1966, during a revenue agent's examination of the returns here involved, Mr. White wrote a letter addressed to Mrs. Smith advising the board of directors of the Corporation as to the language to be used in the corporate minutes to reduce the medical reimbursement plan to writing. Said language was then adopted and incorporated into the corporate minutes on December 29, 1966. The corporate minutes of December 29, 1966 state, in part, that: RESOLVED, that the plan for reimbursement of the corporation's qualified employees for any and all medical expenses incurred by such qualified employees or [their] dependents shall be and hereby is formally adopted and shall be [know] hereafter as the "Medical Expense Reimbursement Plan"; and RESOLVED FURTHER, that only employees who shall be also an officer of the corporation, as that terms is defined in the bylaws of the corporation, shall be "qualified" employees for purposes of reimbursement under the Medical Reimbursement Plan, and any such officer shall qualify *122 [immediatley] upon his or her election to and acceptance of such corporate office; and RESOLVED FURTHER, that all prior payments under the Medical Expense Reimbursement Plan since its inception in the month of June, 1963, are hereby specifically approved and ratified; RESOLVED FURTHER, that the President of the corporation shall determine if any future expense submitted for reimbursement is a "medical expense" within the provisions of this plan and his determination shall be conclusive as to all parties. The following is a summary of the reimbursed medical expenses incurred by the officers of the Corporation, E. B. and Lillian R. Smith, and deducted on the income tax returns of the Corporation: Taxable Year
Amount
1963
$1,395.04
1964
1,772.66
1965
3,081.44
1966
1,538.42
1967
1,040.21
1968
1,391.89
During 1965, most of the $3,081.44 of reimbursed medical expenses were incurred by E. B. and Lillian R. Smith on behalf of their daughter. The respondent determined that the reimbursements of $3,081.44 made by the Corporation during 1965 were includable in the Smiths' gross income and were not deductible by the Corporation. During 1965, *123 the Corporation had in existence a medical benefits plan for the purpose of benefiting its officers in their capacity as employees. Opinion The Corporation initiated a program of reimbursing medical expenses incurred by its officers in 1963. We must first decide whether these medical reimbursement payments are excludable from the officers' gross income under section 105(b). Subsection (a) of section 105 sets forth the general rule of includability of such amounts in gross income: SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) Amounts Attributable to Employer Contributions. - Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. Subsection (b) carves out an exception with respect to reimbursed medical expenses: (b) Amounts Expended for Medical Care. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section *124 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not 1067 include amounts referred to in subsection (a) if such amounts are paid, directly or indirectly, to the taxpayer to reimburse the taxpayer for expenses incurred by him for the medical care (as defined in section 213(e)) of the taxpayer, his spouse, and his dependents (as defined in section 152). Subsection (e) provides: (e) Accident and Health Plans. - For purposes of this section and section 104 - (1) amounts received under an accident or health plan for employees, and * * * shall be treated as amounts received through accident or health insurance. To be excludable, reimbursements for medical expenses must be made under a "plan" and such payments must in fact represent bona fide medical expense reimbursements "for employees" rather than distributions to stockholders. Alan B. Larkin, 48 T.C. 629 (1967), affd. 394 F. 2d 494 (C.A. 1, 1968); Samuel Levine, 50 T.C. 422 (1968). Section 1.105-5(a), Income Tax Regs., provides the following guidelines as to what constitutes an accident and health plan: (a) In general. Sections 104(a)(3) *125 and 105(b), (c), and (d) exclude from gross income certain amounts received through accident or health insurance. Section 105(e) provides that for purposes of sections 104 and 105 amounts received through an accident or health plan for employees, and amounts received from a sickness and disability fund for employees maintained under the law of a State, a Territory, or the District of Columbia, shall be treated as amounts received through accident or health insurance. In general, an accident or health plan is an arrangement for the payment of amounts to employees in the event of personal injuries or sickness. A plan may cover one or more employees, and there may be different plans for different employees or classes of employees. An accident or health plan may be either insured or noninsured, and it is not necessary that the plan be in writing or that the employee's rights to benefits under the plan be enforceable. However, if the employee's rights are not enforceable, an amount will be deemed to be received under a plan only if, on the date the employee became sick or injured, the employee was covered by a plan (or a program, policy, or custom having the effect of a plan) providing *126 for the payment of amounts to the employee in the event of personal injuries or sickness, and notice or knowledge of such plan was reasonably available to the employee. It is immaterial who makes payment of the benefits provided by the plan. For example, payment may be made by the employer, a welfare fund, a State sickness or disability benefits fund, an association of employees, or by an insurance company. Prior to 1965 the Corporation had a program of reimbursing its officers for their medical expenses which was known to these employees. The payments were not made on an arbitrary or ad hoc basis (compare Estate of Leo P. Kaufman, 35 T.C. 663 (1961), affd. 300 F. 2d 128 (C.A. 6, 1962); John C. Lang, 41 T.C. 352 (1963)), but were made during 1965 under a program that had been in existence since 1962. A "plan," as defined in the regulations, existed during 1965 when the officers received reimbursements from the Corporation. It is not enough that there be a "plan." Payments under the "plan" must also represent bona fide medical expense reimbursements "for employees" rather than for stockholders. *127 Alan B. Larkin, supra; Samuel Levine, supra. That is not to say, however, that payments will fail to qualify under section 105(b) simply because the covered employees also happen to be stockholders. As we indicated in Alan B. Larkin, supra, footnote 5, stockholder employees may well constitute a natural category of employees sufficient to indicate that the genesis of the plan was the employee rather than the stockholder relationship. In the instant case E. B. and Lillian R. Smith were the officers and key management employees of the Corporation. They both devoted their full time to the business. There were no other employees who performed duties that were similar to those performed for the Corporation by the Smiths but who were excluded from the plan. With the exception of J. R. Cupp, no employee remained with the Corporation for over four months during 1965. Although J. R. Cupp was undoubtedly a valued employee, as a warehouseman he would not have had to be considered a key management employee by the Corporation. The short term of, and the nature of, the services of those employees, other than the officers, provided a natural basis to justify *128 excluding those employees from the plan. The payments made by the Corporation during 1965 were made pursuant to a plan, the purpose of which was to benefit E. B. and Lillian R. Smith as employees rather 1068 than as stockholders of the Corporation. Those payments are excludable from the Smiths' gross income under section 105(b). The respondent's contention that the medical reimbursement payments made by the Corporation during 1965 are not deductible under section 162(a)[2] is based on his contention that payments were not medical reimbursement payments excludable from the Smiths' gross income under section 105(b). A necessary corollary of section 105 is that if the payments are excludable from the gross income of the employee because they are made under a "plan for employees," the corporation is entitled to a deduction for such payments under section 162(a). Section 1.162-10(a), Income Tax Regs., in giving examples of business expenses, lists *129 expenditures for "sickness, accident, hospitalization, medical expense, * * * or similar benefit plan" as deductible business expenses if they are "ordinary and necessary." We find on this record that they were ordinary and necessary. Consequently, the Corporation is entitled to the deductions under section 162(a). Decisions will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *.↩