JOHN H. KENNEDY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent. JOHN H. KENNEDY and EVANGELINE KENNEDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
John H. Kennedy, Inc. v. Commissioner
Docket Nos. 8073-75, 8074-75.
United States Tax Court
T.C. Memo 1977-210; 1977 Tax Ct. Memo LEXIS 231; 36 T.C.M. (CCH) 878; T.C.M. (RIA) 770210; July 11, 1977, Filed; As Amended and Opinion Vacated July 12, 1977. John C. Moran, for the petitioners. Thomas J. Miller, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in Federal income tax of petitioners as follows: Docket Number
Year
Amount
8073-75
1971
$734.73
8074-75
1971
361.00
Upon joint motion of the parties, these cases were consolidated for purposes of trial, briefs and opinion. Due to concessions the only issues remaining for our decision are: 1. Whether medical reimbursement payments by Petitioner John H. Kennedy, Inc. (the corporation) for the *233 benefit of petitioners, Mr. John H. Kennedy (Mr. Kennedy) and Mrs. Evangeline Kennedy (Mrs. Kennedy) were made pursuant to a plan qualifying under sections 105(b) and 105(e); [1] and 2. Whether such payments by the corporation are deductible expenses paid for the benefit of stockholder employees as ordinary and necessary expenses under section 162(a) or constitute constructive dividends under section 301(a). FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Mr. and Mrs. Kennedy are husband and wife and resided in Oklahoma City, Oklahoma when the petition was filed in docket No. 8074-75. Mr. Kennedy is a practicing attorney in Oklahoma. He has been admitted to the bar of the State of Oklahoma for 29 years. In the late 1960's Mr. Kennedy incorporated his legal business as a professional corporation under the laws of Oklahoma. He has been the president and sole stockholder of the corporation since that time. The corporation's principal place of business was in Oklahoma City, Oklahoma when the petition was filed *234 in docket No. 8073-75. The corporation maintained an office manual which contained the policies and procedures of the corporation. The manual provided the following: "Hospitalization benefits for employees (other than JHK) are paid after two years of consecutive employment." (The term "hospitalization benefits" meant 50 percent of medical insurance premiums.) During the taxable year in issue the corporation employed four or five secretaries. In addition, the corporation employed between one and five law students on a part-time basis. No employee ever qualified under the provisions of the manual requiring a two-year waiting period before hospitalization coverage applied. There were no provisions in the manual covering the terms under which Mr. Kennedy's medical expenses would be paid. Mr. Kennedy testified that he "thought" that the corporation paid his medical insurance premiums.
The corporation paid the medical expenses of Mr. Kennedy in the amount of $3,339.70 which represented all medical expenses of Mr. Kennedy and his family for 1971. Mrs. Kennedy suffered illness in 1971 and the corporation either paid these medical expenses directly or reimbursed Mr. Kennedy as they *235 were incurred. The corporation deducted the expenses as "employee's hospital insurance and reimbursed." Correspondingly, Mr. and Mrs. Kennedy did not report the reimbursed medical expenses as income on their joint return for 1971. The Commissioner, in his statutory notices of deficiency, determined that the medical expenses received by the Kennedys in 1971 were includable in their income as constructive dividends under section 301 and were not deductible by the corporation as ordinary and necessary business expenses under section 162. OPINION Petitioners contend that the amounts paid for medical expenses by the corporation during 1971 to Mr. Kennedy are excludable from the Kennedy's gross income under section 105 and deductible by the corporation under section 162(a). Respondent takes the position that the exclusion claimed by Mr. and Mrs. Kennedy and the deduction claimed by the corporation should be disallowed for the reason that petitioners have failed to satisfy the requirements set forth in section 105: SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) AMOUNTS *236 ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.--Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. (b) AMOUNTS EXPENDED FOR MEDICAL CARE.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include amounts referred to in subsection (a) if such amounts are paid, directly or indirectly, to the taxpayer to reimburse the taxpayer for expenses incurred by him for the medical care (as defined in section 213(e)) of the taxpayer, his spouse, and his dependents (as defined in section 152). * * *
(e) ACCIDENT AND HEALTH PLANS.--For purposes of this section and section 104-- (1) amounts received under an accident or health plan for employees, and (2) amounts received from a sickness and disability fund for employees maintained under the law *237 of a State, a Territory, or the District of Columbia, shall be treated as amounts received through accident or health insurance. To exclude the medical expenses received in 1971 from their gross income, Mr. and Mrs. Kennedy must satisfy two requirements: (1) that a "plan" existed in 1971 and (2) that the "plan" was for the benefit of the employees of the corporation as opposed to the sole shareholder, Mr. Kennedy. Levine v. Commissioner,50 T.C. 422 (1968); Larkin v. Commissioner,48 T.C. 629 (1967), affd. 394 F.2d 494; Lang v. Commissioner,41 T.C. 352 (1963). We are not convinced that a "plan" for health insurance existed for purposes of the taxable year in issue. Mr. Kennedy testified that he "thought" the hospitalization benefits clause was in the manual in 1971 but could not positively say it was there. He further testified that he "thought" the corporation paid for his medical insurance premiums. Mrs. Johnnie Cunningham was employed by the corporation in May of 1972. Shortly thereafter she became office manager *238 and was in charge of interviewing all job applicants. She testified that she was familiar with the office manual and the hospitalization benefits provision. Mrs. Cunningham further testified that she would not have any idea as to when these provisions were inserted in the office manual. No other testimony was offered by petitioners concerning the issue of the existence of a plan for the taxable year 1971. Therefore we are not convinced that a "plan" existed in 1971. Assuming, arguendo, that medical expenses paid to Mr. Kennedy in 1971 were made pursuant to a plan, we are not of the opinion that the purpose of the plan was to benefit Mr. Kennedy as an employee. The purpose of the plan was to benefit Mr. Kennedy as the sole shareholder of the corporation. No other employee of the corporation was covered for hospitalization benefits in 1971 or prior thereto, and no insurance premiums were paid by the corporation for the benefit of an employee, other than Mr. Kennedy. The mere circumstance that medical expenses are labeled hospitalization benefits is not decisive and we are justified in *239 inquiring into the facts to determine whether a "plan" is for the benefit of the employees. [2]
Accordingly, we hold that medical expense payments are includable in the gross income of Mr. and Mrs. Kennedy as distributions of earnings and profits of the corporations and that these payments are not deductible by the corporation under section *240 162. Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioners rely on the Bogene case. Bogene v. Commissioner,T.C. Memo 1968-147↩. In that case Bogene, Inc. instituted a group insurance plan which was open to all of its members and certain dependents. The plan covered about 50 employees which included the petitioners Bowman and Hochfelder who were each 50 percent stockholders in Bogene, Inc. Both petitioners got full coverage regardless of their medical expenses. Therefore, we found that medical benefits to be paid bore no relationship to the stock ownership and we concluded, therefore, that the benefits were paid by reason of the employee relationship rather than the stockholder relationship. In the instant case the stock ownership (100 percent) has a direct relationship to the medical expenses paid and the insurance coverage of Mr. Kennedy (100 percent).