TAXPAYERS ASSISTANCE CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RICHARD M. JACKSON AND GAETANE JACKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taxpayers Assistance Corp. v. Commissioner
Docket Nos. 14104-84; 17336-84; 10606-87; 10607-87.
United States Tax Court
T.C. Memo 1988-343; 1988 Tax Ct. Memo LEXIS 371; 55 T.C.M. (CCH) 1452; T.C.M. (RIA) 88343; August 3, 1988; As amended August 4, 1988 Richard M. Jackson, pro se. Nancy Vinocur, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: These cases were heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code and Rule 180 et seq., Tax Court Rules of Practice and Procedure.[1] Respondent determined deficiencies and additions to tax as follows: TAXPAYERS ASSISTANCE CORPORATION
Docket Nos. 14104-84 and 10606-87
Addition to tax for fraud
Year
Deficiency
under section 6653(b)
1979
$ 1,033.68
$   516.84
1980
3,594.23
1,797.12
1981
1,699.15
849.58
*373 RICHARD M. AND GAETANE JACKSON
Docket Nos. 17336-84 and 10607-87
Addition to tax for fraud [2]
Year
Deficiency
under section 6653(b)
1979
$ 2,033.77
$ 1,016.89
1980
3,503.86
1,751.93
1981
4,186.00
2,093.00
These cases were consolidated for purposes of trial, briefing and opinion. The issues are: (1) whether petitioner Taxpayers Assistance Corporation (TAC) is entitled to certain business expense deductions claimed in 1979, 1980 and 1981; (2) whether petitioners Richard M. Jackson and Gaetane Jackson received constructive dividends from TAC during 1979, 1980 and 1981; (3) whether TAC is liable for the additions to tax under section 6653(b) for underpayment of tax due to fraud in 1979, 1980 and 1981; (4) whether Mr. Jackson is liable for the additions to tax under section 6653(b) for underpayment of tax due to fraud in 1979, 1980 and 1981; and (5) whether the years 1979 and 1981 are barred by the statute of limitations under the provisions of section 6501. Some of the facts were stipulated *374 and they are so found. Richard M. and Gaetane Jackson were residents of Willimantic, Connecticut, at the time the petitions herein were filed. TAC Is a Connecticut corporation with a place of business at 81 Young Street, Willimantic, Connecticut. For purposes of convenience, the findings of fact and opinion have been combined. TAC was incorporated in January 1968 by Mr. Jackson who at all times has been its president, a director and its sole shareholder. Mrs. Jackson has served as corporate secretary to TAC. However, she has taken no active part in the corporation's affairs. TAC's principal business activity during 1979 and 1980 consisted of tax return preparation and tax consulting. On November 1, 1980, TAC sold its tax return preparation business and continued to offer financial consulting throughout the remainder of 1980 and 1981. TAC had no salaried employees in 1979, 1980 and 1981. TAC deducted the following amounts in its tax returns for the years 1979, 1980 and 1981: 1979
1980
1981
Employee benefit programs
$  5,974
$  6,696
$    321
Scholarship
12,302
Auto expense
1,587
1,380
1,542
Depreciation:
Transportation equipment
3,342
1976 Chrysler
500
1975 Chevrolet
1,120
1980 Oldsmobile
3,280
1,968
1980 Volkswagen (diesel)
2,397
1979 Volkswagen (gas)
2,466
1,233
1979 Volkswagen (diesel)
612
1,224
Totals
$ 10,903
$ 18,451
$ 18,590
*375 Respondent disallowed all of the deductions claimed by TAC in the years 1979 and 1981. With respect to the year 1980, respondent allowed depreciation expense deductions claimed by TAC for the 1976 Chrysler and the 1975 Chevrolet in the respective amounts of $ 500 and $ 1,120 and disallowed the remaining deductions claimed in said year. [3]
Petitioner TAC has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933). Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To qualify as ordinary and necessary expenses under the statute, such expenses must be proximately related to the trade or business of the taxpayer. Larrabee v. Commissioner.33 T.C. 838, 843 (1960). The deduction by TAC of $ 5,974 in 1979 for *376 the purported employee benefit program consisted of tuition payments in the amount of $ 4,456 for Mr. Jackson's three daughters and $ 1,518 for medical expenses incurred for Mr. Jackson and his family. In 1980, the deduction of $ 6,696 claimed by TAC for the purported employee benefit program consisted of tuition payments in the amount of $ 6,085 for Mr. Jackson's three children, $ 60 for a ski trip for one of the children, $ 131 for sorority membership fees and $ 420 for medical expenses incurred for Mr. Jackson and his family. In 1981, the deduction of $ 321 claimed by TAC for the purported employee benefit program represented medical expenses incurred for Mr. Jackson and his family, and the "scholarship" expenses deducted by TAC in the amount of $ 12,302 represented tuition payments for Mr. Jackson's three daughters. It does not appear that Mr. Jackson's daughters were employees of TAC at any time during the years involved. Nor does it appear from the record that any of the daughters found future employment with TAC. Apart from payments by TAC to Mr. Jackson, which were deducted as compensation of officers, TAC did not deduct any amounts as wages or salaries paid to employees *377 during the years at issue. The expenditure for tuition, a ski trip and sorority membership fees had no conceivable relationship with the business operations of TAC, and it is obvious that TAC obtained no benefit from such expenditures. The testimony of respondent's expert witness, a forensic chemist who analyzed the ink used in the corporate minutes and determined its initial availability on the market, indicates that the TAC corporate minutes dated September 7, 1968, [4] purporting to establish the employee benefit program authorizing tuition payments (as well as books, lodging, transportation, special clothing and school-sponsored travel) and medical expenses for Mr. Jackson and his family, were prepared some time after 1972 and back-dated. Although the record shows that none of the daughters were employees of TAC, the corporate minutes dated February 1, 1978, February 1, 1979, and February 1, 1980, authorize tuition or scholarship payments for Gail Jackson in recognition of her work for the corporation and in anticipation of her future services to the corporation. The minutes dated February 1, 1980, also authorized tuition payments for Sandra Jackson in recognition of her many *378 hours of work for the corporation and in anticipation of her future contributions to the corporation. The minutes dated February 1, 1980, also authorize a scholarship for the youngest daughter, Michelle, in recognition of her work for the corporation. Nor do the medical expenses paid by TAC for the benefit of Mr. Jackson and his family during the years in issue qualify as ordinary and necessary business expenses under section 162(a). Under the facts here delineated, i.e., the absence of employees, the absence of any indication that the payment of medical benefits would be made under prescribed circumstances or was in any way related to the performance of services by employees and, finally, the dubious circumstances surrounding the genesis of the purported plan, we do not think that such medical payments were made under a valid accident and health plan which would qualify under section 105 and hence be deductible as ordinary and necessary business expenses under section 162(a). Larkin v. Commissioner,48 T.C. 629 (1967), affd. 394 F.2d 494 (1st Cir. 1968); Lang v. Commissioner,41 T.C. 352 (1963); section 1.162-10, Income Tax Regs. *379 We therefore conclude on the basis of the entire record that TAC is not entitled to a business expense deduction under section 162(a) for the amounts designated by TAC on its tax return as employee benefits or scholarships, i.e., $ 5,974 in 1979, $ 6,696 in 1980 and $ 12,623 in 1981. Respondent is sustained. Respondent disallowed deductions claimed by TAC in 1979, 1980 and 1981 for automobile expenses in the respective amounts of $ 1,587, $ 1,380 and $ 1,542 and also disallowed automobile depreciation deductions claimed by TAC in 1979, 1980 and 1981 in the respective amounts of $ 3,342, $ 8,755 and $ 4,425. With respect to 1979, it is stipulated that the total amount of disallowed depreciation is attributed to "transportation equipment." With respect to 1980 and 1981, it is stipulated that the disallowed depreciation is as follows: 1980
1981
1980 Oldsmobile
$ 3,280
$ 1,968
1980 Volkswagen (diesel)
2,397
1979 Volkswagen (gas)
2,466
1,233
1979 Volkswagen (diesel)
612
1,224
$ 8,755
$ 4,425
Petitioner TAC has the burden of proof on this issue. The evidence presented *380 is extremely meager and generally unsatisfactory. There is no detailed information as to the nature of the automobile expenditures or as to the particular vehicles involved. The two 1979 Volkswagens were used in 1979, 1980 and 1981 by Mr. Jackson's two daughters while attending school. As previously indicated, Mr. Jackson's daughters were not employees of TAC during the years involved. The 1980 Oldsmobile was used by Mrs. Jackson who similarly was not an employee of TAC. It does not appear that she used her automobile in the business of TAC to any significant extent. The 1980 Volkswagen was used by Mr. Jackson. There is no persuasive evidence to show business use of this automobile during the year involved. Moreover, in view of the fact that TAC maintained its office in Mr. Jackson's residence where the tax preparation work for the clients was performed, it would appear that an automobile did not play a significant role in the business activities of the corporation. In short, we have here a continuation of the pattern of charging personal items to corporate business expenses. Accordingly, we hold that TAC is not entitled to a deduction for automobile expenses under section *381 162(a) in 1979, 1980 and 1981. Again because of the continuation of the pattern of changing personal items to corporate business expense, we hold that TAC is not entitled to depreciation expense deductions under section 167(a)[5] in 1979, 1980 and 1981 for the amounts at issue. Respondent is sustained. Respondent determined that the disallowed corporate expenditures for employee benefit programs, scholarships, automobile expenses and automobile depreciation in 1979, 1980 and 1981 are taxable to Mr. Jackson as constructive dividends in the corresponding taxable years. We must agree with respondent's determinations. "It is well established that distribution by a corporation can be treated as a dividend to its shareholder if it is made for his personal benefit or in discharge of his personal obligation." Rapid Electric Co. v. Commissioner,61 T.C. 232, 239 (1973). *382 Here, the expenditures disallowed to TAC were prompted by family considerations rather than bona fide business purposes. The corporation thus conferred a benefit on Mr. Jackson, the sole shareholder. We are satisfied that such benefits had a fair market value at least equal to the amounts (including depreciation) properly disallowed to TAC, see Challenge Manufacturing Co. v. Commissioner,37 T.C. 650 (1962), and that they did not exceed the corporation's earnings and profits, see Truesdell v. Commissioner,89 T.C. 1280 (1987). We conclude on this record that the disallowed amounts constitute constructive dividends to Mr. Jackson in the years 1979, 1980 and 1981. Respondent contends that petitioners TAC and Richard M. Jackson are liable for the addition to tax for fraud under section 6653(b) for the years 1979, 1980 and 1981. Respondent has the burden of proving by clear and convincing evidence that some part of the underpayment of tax in each year is due to fraud. Section 7454(a); Rule 142(b); Hebrank v. Commissioner,81 T.C. 640, 642 (1983). *383 Fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Since direct evidence of fraud is rarely available, circumstantial evidence may be considered. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). Fraud may be inferred where an entire course of conduct establishes the requisite intent. Rowlee v. Commissioner.80 T.C. 1111, 1123 (1983); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). With respect to TAC, the corporate petitioner, the requisite proof of fraudulent intent is to be found in the acts of its officer and sole shareholder, Mr. Jackson, who completely dominated its activity. See Auerbach Shoe Co. v. Commissioner,21 T.C. 191, 194 (1953), affd. 216 F.2d 693 (1st Cir. 1954). Here, TAC's income was understated in significant amounts in each of the years 1979, 1980 and 1981 by claiming deductions for amounts which clearly represented the personal obligations of Mr. Jackson. This consistent pattern of claiming *384 unallowable deductions causing understatements of income over a period of years is a strong [Text Deleted By Court Emendation] indicium of fraud. Hicks Co. v. Commissioner,56 T.C. 982 (1971), affd. 470 F.2d 87 (1st Cir. 1972). A further indicia of fraud is the fabrication of back-dated corporate minutes purporting to show the adoption of an employee benefit plan in the year when the corporation was first formed (1968). The corporate minutes also note significant service rendered to TAC by Mr. Jackson's two oldest daughters as apparent justification for the continuing payments of tuition costs and a scholarship even though the records show that such representations were false. Such efforts to deliberately mislead have long been held to constitute a badge of fraud. Spies v. United States,317 U.S. 492, 499 (1943). Upon consideration of the entire record, we conclude with respect to petitioner TAC that a part of the underpayment of tax in each of the years 1979, 1980, and 1981 is due to fraud within the meaning of section 6653(b). With respect to a consideration of the addition to tax for fraud in 1979, 1980 and 1981 by the *385 individual petitioner, we believe that the respondent has met the requisite burden of proving fraud with intent to evade tax. The taxpayer's entire course of conduct may be examined in order to determine whether the fraudulent intent is present. Stone v. Commissioner,56 T.C. at 224. Here, the deficiencies are due largely to Mr. Jackson's failure to include in income the significant amounts routinely expended by the corporation in the years involved for his family obligations. The corporate minutes of TAC were tailored to conceal income and to disguise the personal expenditures of Mr. Jackson and his family and those of TAC. The imposition of additions to tax for fraud is justified when, as here, there is a practice of charging personal costs to corporate business expenses. The actions of Mr. Jackson, as president and sole shareholder of TAC, are inextricably linked with his actions as an individual taxpayer. His fraudulent intent in casing the corporation to understate its income by charging and deducting his personal expenses as corporate expenses spills over to infect *386 his own returns. Thus, no useful purpose would be served to again narrate the indicia of fraud discussed above with respect to TAC. Mr. Jackson has a college degree and a certified public accounting certificate (1965) from the State of Connecticut. Through his corporation, he engaged for some time in tax preparation and consulting work. [6] It is evident that he was knowledgeable and experienced in tax matters. He omitted significant amounts of income for each of the years in question. We consider his persistent and significant understatements of income over a three-year period as persuasive evidence of a fraudulent intent to evade taxes. See Merritt v. Commissioner.301 F.2d 484 (5th Cir. 1962), affg. a Memorandum Opinion of this Court. On the basis of the entire record, we conclude with respect to petitioner Mr. Jackson that a part of the underpayment of tax in each of the years 1979, 1980 and 1981 is due to fraud within the meaning of section 6653(b). *387 Petitioners have raised a statute of limitations defense with respect to the years 1979 and 1981. Because we have found that the returns filed by both the individual petitioner and the corporate petitioner for the years 1979 and 1981 were fraudulent with intent to evade tax, no statute of limitations applies with respect to said years. Section 6501(c); EState of Temple v. Commissioner,67 T.C. 143 (1976). [7]
Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The liability of Gaetane Jackson is limited to the deficiency in income tax determined by respondent for each year in issue. ↩
3. There is no support in the record for petitioners' argument that respondent, in disallowing the remaining depreciation expense claimed by TAC in the years involved for the various automobiles, acted in an arbitrary and capricious manner. ↩
4. In 1968, Gail Jackson, the oldest daughter, was about seven years old. ↩
5. Section 167(a)↩ allows a depreciation deduction for property used in a trade or business or held for the production of income. 6. Mr. Jackson was convicted in 1986 on three counts of willfully aiding or assisting in the preparation of false income tax returns under section 7206(2) in a criminal proceeding involving his dealings with the Universal Life Church. ↩
7. Respondent determined with respect to the corporate petitioner that an investment credit of $ 55 allowed on its 1979 income tax return was recaptured on the 1980 income tax return, resulting in an increase of income tax for 1980 of $ 55. TAC failed to present any evidence on this matter and failed to develop this issue at the trial or on brief. Accordingly, we must assume that TAC has abandoned the issue. See Theodore v. Commissioner,38 T.C. 1011, 1041↩ (1962).