Condor **MERRITT**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 18776.

United States Court of Appeals
Fifth Circuit.

April 13, 1962.

Rehearing Denied May 21, 1962.

Robert G. Murrell, Sam E. Murrell, Sam E. Murrell & Sons, Orlando, Fla., for appellant.

Abbott M. Sellers, Acting Asst. Atty. Gen., Lee A. Jackson, Atty. Dept. of Justice, R. P. Hertzog, Acting Chief Counsel, Rollin H. Transue, Atty., I. R. S., Louis F. Oberdorfer, Asst. Atty. Gen., Robert N. Anderson, Richard J. Heiman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

JONES, Circuit Judge.

The petitioner, Condor Merritt, brings before this Court for review the findings and decision of the Tax Court, adverse to him, by which income tax deficiencies and fraud penalties were determined. The years involved are 1943 through 1949. The petitioner lives and for more than fifty years has lived at Altamonte Springs, Florida, a small town in the Orlando area. The taxpayer worked for a number of years in citrus groves. He built and sold a few houses. He operated a beer garden, and in con-

nection with this enterprise he bootlegged a little hard liquor. He acquired over the years a number of citrus groves. At various times he owned and operated a grocery store, theatre, poolroom, beauty parlor, cafe, rooming house, bar, and night club. He had income from rental property. He ran a bolita or Cuba game, or both,[1] over a considerable period of time.

Prior to 1945 such records as the petitioner kept were informal and incomplete. In 1945 the petitioner employed a public bookkeeper who set up and maintained a set of books for petitioner in which the bookkeeper made entries of the transactions of which he was informed by the petitioner. The Commissioner made a computation of the petitioner's income tax by the net worth method for the years 1943 through 1949. Substantial tax deficiencies were found by the Commissioner for each of the years, and a finding was made that a part of the deficiency for each year was due to fraud of the petitioner with intent to evade tax. The Tax Court made a number of adjustments in the Commissioner's computations which resulted in a substantial reduction of the petitioner's liability, but, in most respects, the Commissioner was sustained. In seeking to have the Tax Court's decision set aside, the petitioner lists forty specifications of error. The contentions, for the most part, challenge the Tax Court's findings as being without evidentiary basis.

■■ The petitioner asserts that this case is not one calling for the application of the net worth method of determining income because adequate records were kept. If the records of the taxpayer are inaccurate or incomplete the Commissioner may look to other information to determine whether the tax payable has been correctly returned by a taxpayer. Campbell v. Guetersloh, 5th Cir. 1961, 287 F.2d 878; Cefalu v. Commissioner, 5th Cir. 1960, 276 F.2d 122; Bryan v. Commissioner, 5th Cir. 1954, 209 F.2d 822, cert. den. 348 U.S. 912, 75 S.Ct. 289, 99 L.Ed. 715, Mertens, Law of Federal Income Taxation, § 55.19. Although the petitioner engaged the services of a bookkeeper in 1945, the entries in the books were only of such items as were reported by the petitioner to the bookkeeper. It was clearly established that much vital information was withheld by the petitioner from the bookkeeper. The net worth method was properly invoked.

■ The petitioner complains that the net worth computations of the Commissioner did not include any cash in the schedules, either in the opening schedule or in the figures used in the opening and closing of the net worth schedules for each of the years in question. It is, of course, necessary that a net worth computation must include, as an opening figure, the value of the taxpayer's assets at the beginning of the period, including whatever coin and currency there might be in the taxpayer's possession. Cefalu v. Commissioner, supra, Veino v. Fahs, 5th Cir. 1958, 257 F.2d 364; Phillips' Estate v. Commissioner, 5th Cir. 1957, 246 F.2d 209. The evidence shows that the finding that no cash of any significant amount was in the petitioner's possession at the beginning of 1943 is not clearly erroneous. The petitioner relies upon the doctrine stated in Phillips' Estate v. Commissioner, supra, for the proposition that there must have been cash and the Commissioner had the duty of ascertaining and the burden of proving the amount of it. But in the Phillips case the taxpayer was dead at the time of the trial. Here the taxpayer tes-

---

1. Bolita and Cuba are lotteries and are variants of the numbers game, the scheme of which is to create a fund made by the payments of participants who purchase numbers, with the fund being distributed to the holders of the winning number after the share of the promoter has been deducted. Other variants are Policy and New York Bond. The differences lie in the manner by which the winning number or numbers are determined. Cf. Fraterrigo v. State, Fla., 10 So.2d 304; Forte v. United States, 83 F.2d 612, 65 App.D.C. 355, 105 A.L.R. 300; State v. Mola, 128 Conn. 407, 23 A.2d 126; People v. Coppo, 16 Misc.2d 879, 183 N.Y.S.2d 313.

tified. In Phillips the taxpayer was a gambler on a rather large scale and substantial sums of cash were required in that operation. Here the petitioner, at the beginning of the period, was not engaged in gambling as he was at a later period. He maintained a bank account and the balance in it on the opening date was taken into the reckoning. The petitioner stated that it was his practice to deposit his receipts less the cash paid out for small items, payrolls and personal drawings. In his response to a request to state any substantial amounts of undeposited cash he had on hand he stated he "might have had $7,000 or $8,000 in cash at one time in 1946, 1947, or 1948," which "was the receipts of all my businesses."

The Phillips case stands for the proposition that the presumption which attaches to the Commissioner's determination is overcome upon a showing by the taxpayer that it is arbitrary. See Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623. It is to be noted that petitioner's counsel stated to the Tax Court that it would not be asserted that there was "any cash hoard or anything of that sort at all." On the record before us we conclude that the Tax Court was justified in its inference that the petitioner did not have any appreciable amount of undeposited cash at the opening of the period. The petitioner has not demonstrated that the finding of the Tax Court to this effect was arbitrary and invalid, Cefalu v. Commissioner, supra.

The petitioner devotes a considerable portion of his brief to arguments that the Tax Court incorrectly sustained the Commissioner's values as to some of the properties of the petitioner, and made incorrect findings as to the values of other properties. The Commissioner's findings are presumptively correct and the presumptions have not been discredited. The Tax Court's findings of values are supported by substantial evidence and will not be set aside. This is also true with respect to other contentions of the petitioner, in some of which the unsupported statements of the petitioner were at variance with either direct or circumstantial evidence.

In seeking to have the fraud penalties set aside, which would permit the bar of limitations to be effectively raised, the petitioner relies primarily upon two contentions, that the Commissioner failed to sustain the burden of proof in establishing fraud by clear and convincing evidence, and that fraud is disproved by petitioner's reliance upon his bookkeeper who kept his records and made his returns. The amounts of unreported income, as found by the Tax Court, ranged from $4,500 to $25,000. The total understatement for the seven years was over $80,000, a substantial amount when compared with the $103,000 of reported income for the period. The mere understatement of income, standing alone, is not enough to carry the burden cast upon the Commissioner in seeking to recover fraud penalties. But each case is to be considered in the light of its own facts. Consistent and substantial understatement of income is by itself strong evidence of fraud. This proof, coupled with the showing that the records were both incomplete and inaccurate, and that the petitioner did not supply the bookkeeper with all of the data necessary for maintaining complete and accurate records, is enough to warrant the Tax Court in finding fraud. Reaves v. Commissioner, 5th Cir. 1961, 295 F.2d 336; Cefalu v. Commissioner, supra; Bryan v. Commissioner, supra.

The other matters which are urged by the petitioner are neither preserved nor presented for review.

The petitioner has moved to strike the respondent's Designations of Additional Portion of the Record. The motion, carried with the case by order of the Court, is denied.

Error is not shown. The decision of the Tax Court is

Affirmed.