MELVIN G. CHRISTENSEN AND ELIZABETH CHRISTENSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christensen v. Commissioner
Docket Nos. 4367-75, 9116-75.
United States Tax Court
T.C. Memo 1982-235; 1982 Tax Ct. Memo LEXIS 505; 43 T.C.M. (CCH) 1270; T.C.M. (RIA) 82235; May 3, 1982. Melvin G. Christensen, pro se, and Charles W. Giesen, for the petitioners post trial. James C. Lanning and Martha Rist, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: These consolidated cases were tried before Special Trial Judge James M. Gussis pursuant to Rules 180 and 182. [1] His report was filed on October 15, 1981, exceptions to that report were filed by petitioners, and respondent filed a reply to petitioners' exceptions. The Court has considered the exceptions and adopts the report of Special Trial Judge Gussis. *506 See Rule 182(c) and (d) and accompanying note, 60 T.C. 1059, 1149-1150 (1973). That report is reprinted below with minor modifications. Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec. 6653(b)
Year
Deficiency
Addition to Tax
1965
$ 3022.87
$ 1511.43
1966
4525.07
2262.53
1967
1747.03
873.52
1968
2622.00
1311.00
1969
[2] 1920.89
960.45
1970
2346.51
1173.25
1971
405.66
1972
354.40
The issues are (1) to what extent, if any, petitioners understated their income during each of the years in issue; (2) whether petitioners are entitled to certain rental expense deductions in 1965 through 1968; (3) whether any part of an underpayment *507 of taxes for the years 1965 through 1970 was due to fraud with the intent to evade tax; and (4) whether the statute of limitations bars assessment with respect to the years 1965 through 1970. FINDINGS OF FACT Some of the facts were stipulated and they are so found. Petitioners were residents of Minneapolis, Minn., when they filed their petitions herein. Petitioners filed timely joint Federal income tax returns for 1965 through 1972. During the years 1965 through 1970, petitioner Melvin G. Christensen was a self-employed airplane and automobile mechanic. He conducted his business operations under the names of Christy Aircraft Service and Christy Body Shop. During the years in issue, petitioner Melvin G. Christensen purchased and rebuilt automobiles and airplanes for resale. Petitioners also owned rental property during the years in issue. Prior to 1967, petitioners maintained no systematic books and records for the automobile and airplane business operations. In 1967, petitioner Elizabeth Christensen began maintaining books and records for those operations. Petitioners' income tax returns for the years 1965 through 1970 showed the following amounts of schedule C *508 business income from the shop operations: Year
Gross Receipts
Profit or (loss)
1965
--
--
1966
$ 33,100.00
$ 1,237.44 1967
1,743.97
(2,316.15)
1968
11,758.13
1,002.90 1969
19,647.17
(9,331.98)
1970
24,509.97
(64.25)
During the years 1965 through 1968, petitioners maintained a checking and a savings account at the Citizens State Bank in St. Louis Park, Minn., and a body shop and a personal account at the Fifth Northwestern National Bank in Minneapolis, Minn. During the years 1969 and 1970, petitioners maintained the body shop and personal accounts at the Fifth Northwestern National Bank. Petitioners made net deposits to the above bank accounts during the years 1965 through 1970 as follows: Non-income
Year
Deposits
deposits
Net deposits
1965
$ 85,846.00
$ 41,225.00
$ 44,621.00
1966
100,232.43
30,317.64
69,914.79
1967
71,247.00
38,164.86
33,082.14
1968
97,333.16
51,264.29
46,068.87
1969
183,128.23
133,656.21
49,472.02
1970
97,229.90
59,736.86
37,493.04
Given the absence of complete and accurate books and records, respondent recomputed the net profit from petitioners' business operations *509 (schedule C income) for the taxable years 1965 through 1970 based upon an analysis of bank deposits and other undeposited receipts. In computing said net profit for each of those years, respondent (1) reduced net deposits for any non-schedule C income (i.e., rental income and interest income) to arrive at gross schedule C receipts per deposits; (2) added additional receipts not reflected in the bank accounts to arrive at gross receipts representing schedule C income; and (3) reduced said gross receipts by the cost of goods sold and other expenses to arrive at the net profit from business for the taxable year involved. Under this method respondent computed petitioners' net profit from the business operations for the years 1965 through 1970 in the following amounts: Net profit
Increase over
Year
schedule C income
amount reported
1965
$ 17,000.47
$ 17,000.47
1966
21,244.87
20,007.43
1967
9,948.98
12,265.13
1968
8,783.03
7,780.13
1969
15,463.07
24,795.05
1970
12,800.60
12,864.85
In addition to adjustments for unreported schedule C income in the taxable years 1965 through 1970 respondent disallowed rental expense deductions claimed by petitioners *510 as follows: Rental Expense
Year
Disallowed
1965
$ 558.72
1966
383.68
1967
173.98
1968
343.20
OPINION During the years 1965 through 1970, petitioner Melvin G. Christensen was engaged in purchasing and rebuilding automobiles and airplanes for resale. It is abundantly clear from the evidence that such activities constituted a trade or business generating appreciable amounts of income. [3] Business records during that period were demonstrably inadequate. Under such circumstances, respondent is authorized to reconstruct income using any reasonable method that clearly reflects income. Accordingly, respondent reconstructed petitioners' income for 1965 through 1970 using the bank deposit method. [4] Respondent's determination of a deficiency is presumptively correct and petitioners have the burden of proving otherwise. [5] Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). *511 A deficiency determination based on the bank deposits method of reconstructing income is entitled to the presumption of correctness, and petitioners bear the burden of proving that such a determination is incorrect. Jones v. Commissioner,29 T.C. 601 (1957). There is no dispute over the correctness of the amount in the computation of unreported income by respondent for the years 1965 through 1970 under the bank deposit method. We have carefully considered petitioners' various arguments and find them to be without merit. Petitioners' suggestion that respondent is compelled to show the specific profit derived from each particular sale is without merit. Respondent is not required to make such a showing under the *512 bank deposit method. Bank deposits under such method are prima facie evidence of income. See Boyett v. Commissioner,204 F.2d 205 (5th Cir. 1953), affg. a Memorandum Opinion of this Court. Petitioners are in effect arguing that respondent should reconstruct income under a different method. However, it is clear respondent is not required to follow any particular method of reconstruction since circumstances will vary in individual cases. Harbin v. Commissioner,40 T.C. 373, 377 (1963). Petitioners rely upon newly-prepared income tax returns prepared by their accountant for 1965 through 1968 to rebut the correctness of respondent's reconstruction of income for such years. Those returns were never filed with the Internal Revenue Service, and it appears petitioners regard them as evidence of correct income. The accountant made no independent third party inquiries in preparing the returns but simply relied upon records supplied by petitioners. There is no showing as to the accuracy or completeness of those records. Under those circumstances, we do not regard those returns as persuasive evidence of petitioners' true income for 1965 through 1968. *513 [6]
Petitioners' argument that respondent's questions seeking to establish the amount of cash habitually carried by petitioner Melvin G. Christensen somehow violated and constituted an illegal search and seizure is without merit. Petitioners have failed to demonstrate any constitutional infringement resulting from this line of questioning by respondent. See Roberts v. Commissioner,62 T.C. 834 (1974). Petitioner Melvin G. Christensen further argues this proceeding, which involves civil fraud (section 6653(b)) as well as the deficiencies in income tax, subjects him to double jeopardy since he was previously tried and acquitted in a criminal tax case involving violations under section 7206(1) for the years 1966, 1967 and 1968. Petitioner's contention is groundless. A civil tax fraud case is not a criminal case. Consequently, petitioner Melvin G. Christensen is not permitted to claim Fifth Amendment protection. Helvering v. Mitchell,303 U.S. 391 (1938); Harper v. Commissioner,54 T.C. 1121, 1138-1139 (1970). *514 [7]
We conclude on this record that petitioners have not met their burden of establishing that respondent's determination of unreported income for the years 1965 through 1970 was incorrect. We further conclude, in the absence of any effort on the part of petitioners to show error in respondent's disallowance of rental expense deductions for 1965 through 1968, that such disallowances are sustained. With respect to the years 1971 and 1972 respondent used the source and application method to reconstruct petitioners' unreported income. This method of income reconstruction, which has previously been accepted by this Court, Vassallo v. Commissioner,23 T.C. 656 (1955), is based on the assumption that the amount by which a taxpayer's application of funds during a taxable year exceeds his known source *515 of funds for the same period is taxable income, absent some explanation by the taxpayer. Respondent's determination under this method is presumptively correct. Herein, petitioners completely failed to introduce any persuasive evidence to dispute respondent's determination for these two years. Accordingly, respondent's determination is sustained. The next issue is whether any part of petitioners' underpayment in each of the years 1965 through 1970 was due to fraud with intent to evade tax. [8] Sec. 6653(b). The issue of fraud is one of fact to be determined upon a consideration of the entire record. Stratton v. Commissioner,54 T.C. 235 (1970). Respondent bears the burden of proving fraud by clear and convincing evidence. Imburgia v. Commissioner,22 T.C. 1002 (1954). Since direct evidence of fraudulent intent is seldom available, such intent may be determined from the conduct of the taxpayer and the surrounding circumstances. Beaver v. Commissioner,55 T.C. 85 (1970). *516 Petitioners consistently understated their income by substantial amounts for each of the years 1965 through 1970. Consistent understatement of income in substantial amounts over several years is persuasive evidence of fraudulent intent. Schwarzkopf v. Commissioner,246 F.2d 731, 734 (3rd Cir. 1957), affg. on the fraud issue a Memorandum Opinion of this Court. Such repeated understatement of income, when accompanied by other circumstances showing an intention to conceal or to misstate taxable income, presents a basis on which this Court may properly find fraud. Merritt v. Commissioner,301 F.2d 484 (5th Cir. 1962), affg. a Memorandum Opinion of this Court. Here the evidence indicates petitioners did not supply their tax return preparers with complete and accurate records for the years involved. Moreover, it appears they failed to maintain adequate records of their business operations. [9] Finally, the evidence shows petitioner Melvin G. Christensen, in the early stages of the investigation, sought to mislead the revenue agents as to his sources of income for the years involved. In light of the above, we conclude respondent has met his burden *517 of proof of establishing fraud, within the meaning of section 6653(b), with respect to the years 1965 through 1970. Consequently, we sustain the additions to tax for each of those years. In view of the above conclusion with respect to fraud, we also hold that none of said years is barred by the statute of limitations. See section 6501(c)(1). To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Originally respondent determined greater deficiencies for 1969, 1970, and 1972 and greater sec. 6653(b) additions to tax for 1969 and 1970. Subsequently, respondent conceded the deficiencies and additions to tax do not exceed the amounts noted above.↩
3. The extent of petitioners' activities was underscored by the testimony of numerous witnesses who testified with respect to their automobile or airplane purchases during this period. It readily appears that such sales were continuous and occurred on a regular basis.↩
4. The use of the bank deposit method under such circumstances as exist herein is well recognized. See, e.g., Estate of Mason v. Commissioner,64 T.C. 651, 656 (1975), affd. 566 F.2d 2↩ (6th Cir. 1977). 5. It should be noted that mere statements on brief do not constitute evidence. Evans v. Commissioner,48 T.C. 704, 709 (1967), affd. per curiam 413 F.2d 1047↩ (9th Cir. 1969); Rule 143(b).
6. Moreover, a tax return by itself is merely a statement of a claim and not proof of any of the facts stated therein. Roberts v. Commissioner,62 T.C. 834↩ (1974).
7. In an order dated January 11, 1979, this Court granted respondent's motion to declare witness Ralph C. Angstman unavailable for trial. Under the circumstances the previous testimony of Mr. Angstman in the 1973 criminal trial was properly admissible as evidence in the present proceedings. See Rule 804, Federal Rules of Evidence.↩
8. Petitioner Melvin G. Christensen's acquittal in the prior criminal tax fraud case involving some of the years involved herein does not preclude the civil tax fraud sanctions determined in the instant case. Helvering v. Mitchell,303 U.S. 391↩ (1938).
9. In fact, it appears, prior to 1967, petitioners did not even maintain books and records for their automobile and airplane sales operations.↩