PAUL W. McKENZIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKenzie v. Commissioner
Docket No. 16678-81.
United States Tax Court
T.C. Memo 1983-772; 1983 Tax Ct. Memo LEXIS 19; 47 T.C.M. (CCH) 755; T.C.M. (RIA) 83772; December 22, 1983. *19 Held: Deficiencies determined against a petitioner in the Federal Witness Protection Program but fraud addition not found. Robert E. Evans, for the petitioner. Scott Anderson, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1977
$1,807.60
$903.80
1978
19,747.80
9,873.90
During the years involved, petitioner was a resident of the State of Virginia, but prior to the date of the filing of the petition in this case, petitioner entered the Federal Witness Protection Program, which is administered by the United *20 States Marshals Service. His residence on the date of filing is unknown to the Court. Petitioner did receive copies of the statutory notices for the two years, apparently through the United States Marshals Service. The petition filed in this case was signed by petitioner's attorney, acting under a power of attorney dated February 1, 1981. Since that time neither petitioner's counsel, respondent's counsel nor the Court has been in direct contact with petitioner. The facts have been stipulated and the case was submitted under Rule 122. [2]
During the calendar years 1977 and 1978 petitioner, in addition to his activities as a salesman, engaged in the illegal business of the manufacture and sale of a type of fireworks known as "M-80," which was in violation of Title 18, United States Code, sections 842 and 844. These fireworks were manufactured in or near petitioner's home in the vicinity of Lynchburg, Virginia. During the year 1977 petitioner sold his fireworks in the State of New York, and in 1978 he made sales in New York, Tennessee and Ohio. *21 In August 1978, agents of the Bureau of Alcohol, Tobacco and Firearms arrestated petitioner and seized his inventory. Petitioner was indicted in February of 1979 and on March 30, 1979, petitioner pled guilty to illegally dealing in explosive materials without a license during the years 1976, 1977 and 1978. Petitioner received an eight-year sentence, suspended on probation for three years and a fine of $7,500. The United States District Court in September 1979 reduced the fine to $3,000. Petitioner's 1977 Federal income tax return was signed by his tax return preparer on February 24, 1978, and timely filed. Petitioner's 1978 Federal income tax return, apparently prepared by petitioner, is dated February 26, 1979. We assume that it too was filed on or before the due date. Neither tax return reports any income from petitioner's illegal fireworks business, although from the abbreviated record before us, it seems reasonably certain that petitioner was aware of the fact that he was obligated to report any net income from this illegal business. Petitioner was audited for the years 1977 and 1978 and the deficiencies set forth in the statutory notices (dated Paril 8, 1981) were based *22 at least in part upon information furnished by petitioner to respondent's agents. The statutory notices purport to determine both gross and net income from this iilegal business. We have no information as to the circumstances which caused petitioner to become a participant in the Federal Witness Protection Program. The petition asserts that the income determined by respondent is in excess of the income actually realized by petitioner from the illegal activities and the reply denies receipt of the taxable incomes as determined in the statutory notices. The stipulation was prepared by counsel for both parties but without any direct participation by petitioner or any affirmative indication from petitioner as to whether or not petitioner approved or adopted the facts as stipulated. Following the calendar call, we directed respondent to make further effort to contact petitioner through the Marshals Service. Pursuant thereto counsel for respondent sent to petitioner a letter with a copy of the stipulation and copies of various correspondence explaining the proposed submission of the case under Rule 122. Pursuant to inquiry by the Court, we were advised by the Marshals Service by *23 letter dated February 22, 1983, that on January 18, 1983, an envelope containing tax documents and the letter from respondent's counsel was delivered to petitioner. Since we have not been advised to the contrary, we are forced to assume that petitioner could have communicated with the Court or with his counsel through the Marshals Service and probably could have appeared and testified at the trial if he had wished to do so. Accordingly, by order dated March 1, 1983, we accepted the case as fully stipulated pursuant to Rule 122, as requested by counsel for both parties. Respondent urges that we not only find the deficiencies against petitioner but that we find that respondent has discharged his burden of proof with respect to the fraud penalty. In this connection, respondent points out that petitioner correctly reported income he received in 1977 and 1978 from his employment as a salesman but he failed to report any of the illegal income received in either year, well knowing that such net income was taxable for Federal income tax purposes. As to the deficiencies asserted by respondent in the statutory notice, petitioner has the burden of proof. Rule 142. Petitioner has the *24 further obligation to keep in touch with the Court after the filing of a petition, and we have no reason to suppose the petitioner has not received all communications from his counsel addressed to petitioner in care of the Marshals Service. The fact that the proposed stipulation and the correspondence advising petitioner of the status of the matter subsequent to the calendar call was delivered to petitioner confirms the fact that as of January 1983 the Marshals Service was in touch with the petitioner. Thus, whether the case is taken as submitted pursuant to the stipulation or whether the petition is simply dismissed under Rule 123 for petitioner's failure to properly prosecute, it is appropriate to find the deficiencies in tax against petitioner and we do so. The additions to tax pursuant to section 6653(b) present a more difficult problem. Without further facts as to petitioner's circumstances at the time of trial, we are reluctant to find fraud against an absent petitioner where his absence or unavailability is or at least may be in some manner affected by his cooperation with the United States Government in a criminal matter resulting in his entering the Federal Witness Protection *25 Program. The basis for fraud is the alleged income from the illegal fireworks business for which petitioner was arrested in August of 1978 and sentenced in March of 1979. Thus, as to the tax return for the year 1978, petitioner was under indictment and in the process of being sentenced pursuant to his guilty plea during the time period in which he prepared his income tax return. While actual facts are not available to the Court, it is not an unreasonable assumption that the agents of the Bureau of Alcohol, Tobacco and Firearms (then as now a part of the Treasury Department), as well as the lawyers in the Justice Department, understood that petitioner may have derived taxable income from his illegal activities. This fact may have been taken into account in connection with the sentencing, including the reduction in the fine. Respondent could and should have made some effort to develop such facts, as well as whether petitioner has been led to believe that his tax liabilaity has been or will be forgiven in some fashion. And in the absence of evidence to the contrary, we must assume that respondent could have arranged for and required petitioner's attendance at trial. Respondent was *26 aware that petitioner's counsel was not in direct contact with petitioner, and respondent could well have been more successful than petitioner's counsel in meaningful contacts with the Marshals Service. Respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). Miller v. Commissioner,51 T.C. 915 (1969). The existence of fraud is a fact which must be determined on the basis of all the facts and circumstances before us. Estate of Pittard v. Commissioner,69 T.C. 391 (1977). Fraud means "actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing." Mitchell v. Commissioner,118 F.2d 308, 310 (5th Cir. 1941). Fraud is not to be imputed or presumed, Otsuki v. Commissioner,53 T.C. 96 (1969), and the mere failure to report income is not sufficient to establish fraud. Merritt v. Commissioner,301 F.2d 484, 487 (5th Cir. 1962); Otsuki v. Commissioner,supra.Moreover, "the courts should not sustain findings of fraud upon circumstances which at the most create only suspicion." *27 Davis v. Commissioner,184 F.2d 86, 87 (10th Cir. 1950); Green v. Commissioner,66 T.C. 538, 550 (1976). The circumstances of this case create at least a reasonable inference that petitioner had no fraudulent intent in his failure to report illegal income on his 1978 tax return. The income derived in 1977, if in fact any net income was derived, is insufficient under these circumstances to support a finding of fraud. On this record, we are constrained to conclude that respondent has not carried his burden of proving fraud by clear and convincing evidence. Therefore, with respect to the deficiencies in income tax asserted against petitioner, we find for respondent, but with respect to the additions to tax under section 6653(b), we find for petitioner. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩