EARL E. AND JOANN HUNWARDSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hunwardsen v. Commissioner
Docket No. 516-90
United States Tax Court
T.C. Memo 1992-243; 1992 Tax Ct. Memo LEXIS 261; 63 T.C.M. (CCH) 2864; April 27, 1992, Filed *261 An order and decision will be entered incorporating respondent's computation under Rule 155 and imposing a penalty under Section 6673. Earl E. and JoAnn Hunwardsen, pro se. Kathryn Vetter, for respondent. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to the Federal income taxes of petitioners as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Petitioner
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
6661
J. Hunwardsen
1983
$ 11,141
$ 5,571
[1]
$ 680
$ 2,785
1984
12,254
6,127
[1]
772
3,063
1985
13,373
6,686
[1]
766
3,343
E. Hunwardsen
1983
$ 10,667
$ 5,333
[1]
$ 651
$ 2,666
1984
11,803
5,901
[1]
743
2,951
1985
12,615
6,307
[1]
723
3,154
Respondent has conceded the section 6661 additions to tax. The issues are: (1) Whether we should grant respondent's *262 motion for entry of decision against petitioners; and (2) whether we should grant respondent's motion for award of damages under section 6673. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioners, Earl E. Hunwardsen (Mr. Hunwardsen) and JoAnn Hunwardsen (Mrs. Hunwardsen), were husband and wife during 1983, 1984, and 1985. They failed to file income tax returns for those years. Petitioners were residents of Acampo, California, when they filed their petition. During the years at issue, Mr. Hunwardsen operated a commercial sweeping business and received the following income: 1983
1984
1985
Memorial Hospital
$ 1,669.50
$ 1,617
$ 1,572.50
English Oaks Plaza
--     --  1,185.00
The Customer Company
--     2,966
--  City of Galt
--     920
--  During 1983, 1984, and 1985, Mrs. Hunwardsen sold Shaklee products. Shaklee paid Mrs. Hunwardsen $ 17,276 in 1983 and $ 12,546 in 1984. During the years at issue, petitioners owned a farm which they leased for one-fourth of all profits. Petitioners received money *263 from the sale of livestock during the years at issue. During 1983, 1984, and 1985, petitioners owned and rented a house in Illinois, from which they received $ 400 per month in rent. Petitioners last filed an income tax return for the year 1980. On or about May 17, 1983, petitioners filed a claim for refund for all tax paid for 1980. This claim was denied on January 18, 1984. For the tax years 1981 and 1982, petitioners filed protester Federal income tax forms. Petitioners' 1981 and 1982 taxable years were examined and taxes were assessed for those years. Mr. Hunwardsen, fraudulently and with intent to evade tax, attempted to rescind his Social Security number. Petitioners failed to provide any records to respondent in connection with the examination of their returns for the years at issue. All or part of the underpayments of taxes required to be shown on petitioners' returns for the years at issue is due to fraud with intent to evade taxes known to be owing. Procedural History
Petitioners are pro se. In their petition and amended petition, they did not address the substance of the issues in this case but made protester arguments and discovery requests. At no time *264 in this proceeding have petitioners addressed the merits of their case. On May 16, 1990, respondent filed an answer to amended petition, in which respondent affirmatively alleged additions to tax for fraud under section 6653(b)(1) and (2) and specific facts supporting such allegations for petitioners for each year at issue. Petitioners did not file a reply. On August 2, 1990, respondent filed a motion for entry of order that undenied allegations in answer be deemed admitted. In a notice of filing dated August 2, 1990, the Court directed petitioners to file a reply to respondent's answer to amended petition by August 23, 1990. On August 24, 1990, petitioners filed a reply. In this reply, petitioners did not address the substantive claims made in the answer, but made protester arguments about the lack of delegated authority, jurisdiction, and venue. On March 19, 1990, petitioners designated San Francisco, California, as the place of trial. On October 15, 1990, petitioners were mailed a notice setting case for trial, which notified them that their case had been set for trial in San Francisco, California, on March 11, 1991, at 10 a.m. The notice further stated: Both parties *265 are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. The notice also advised petitioners that failure to cooperate in the preparation of the case could result in dismissal. Included with the notice was a copy of the standing pretrial order. By letter dated October 25, 1990, respondent's counsel requested that petitioners meet with her in order to prepare a stipulation of facts. Petitioners did not cooperate with this request. On December 7, 1990, respondent served petitioners with a request for production of documents. On December 10, 1990, respondent filed a request for admissions. On January 7, 1991, petitioners filed a "Denial and Objection to Respondent's Interrogatories and Request for Production of Documents and Request for Admissions". This document contained only protester arguments. On January 22, 1991, respondent filed a motion to review the sufficiency of petitioners' objections to respondent's request for admissions and interrogatories used in conjunction with request for admissions and also a motion to compel production of documents. On January *266 28, 1991, the Court ordered that: (1) The matters in the request for admissions be deemed admitted under Rule 90(e); and (2) the motion to compel production of documents was granted in part and was calendared for hearing in San Francisco on the imposition of sanctions. This case was called for trial from the calendar of the trial session at San Francisco, California, on March 11, 1991. There was no appearance by or on behalf of petitioners. On that same date, respondent filed a motion for entry of decision against petitioners, which the Court granted from the bench. Respondent also filed a motion for a penalty under section 6673, which the Court took under advisement. On June 11, 1991, this Court filed its Memorandum Findings of Fact and Opinion (T.C. Memo. 1991-266), wherein it found that petitioners did not properly plead the substantive issues of their case in any of their pleadings, reaffirmed the granting of respondent's motion for entry of decision against petitioners, granted respondent's motion for a penalty, and directed that decision be entered under Rule 155. On July 22, 1991, respondent filed a computation for entry of decision under Rule 155 and submitted a proposed *267 decision document. On July 23, 1991, the Clerk of the Court issued to petitioners a notice of filing of computation under Rule 155 advising petitioners that if they had an objection thereto, they should file a notice of objection, accompanied by an alternative computation, on or before August 13, 1991, or the Court may enter a decision in accordance with respondent's computation. On August 12, 1991, petitioners submitted to the Court a document entitled "Notice of Dishonor and Notice of Objection to Respondent's Computation for Entry of Decision", which document the Court filed on that date as petitioners' "Notice of Objection to Rule 155 Computation". Therein, petitioners stated that they had never been served any motion for entry of decision or motion for a penalty. It was at this time that the Court became aware that those motions had not been served on petitioners. On September 13, 1991, petitioners submitted a document to the Court entitled "Petition to Strike T.C. Memo. 1991-266", which document the Court filed on that date as petitioners' "Motion for Reconsideration of Opinion". On the same date, petitioners filed a "Notice of Dishonor". By order dated October 1, 1991, *268 the Court, on its own motion, withdrew its Memorandum Findings of Fact and Opinion filed June 11, 1991, as T.C. Memo. 1991-266, and directed that petitioners' motion for reconsideration filed September 13, 1991, was thereby moot. This order effectively set aside any action previously taken on respondent's March 11, 1991, motion for entry of decision against petitioners and motion for a penalty, which it appears had not been served on petitioners. On October 1, 1991, the Court served on petitioners copies of the motion for entry of decision against petitioners and motion for a penalty filed by respondent on March 11, 1991. Also on October 1, 1991, by separate order, the Court directed petitioners to file, on or before October 18, 1991, responses to respondent's motion for entry of decision against petitioners and motion for a penalty, thus giving petitioners an opportunity to respond to these motions. A letter from petitioners dated October 16, 1991, was filed October 22, 1991, advising the Court, that they were "unaware of any filing of a 'Motion for Reconsideration' filed September 13, 1991", and requested clarification of what the Court was referring to. Petitioners *269 also stated: Second, the other order is referring to two Motions [Motion for Entry of Decision Against Petitioners and Motion for Award of Damages] that were supposedly filed on March 11, 1991 to which we have never been served wherein you are ordering that we respond to those "motions" by October 18, 1991. These "motions" have never been served upon us nor are we at all familiar with them except to the point to where you appear to act as a process server by putting them in the mail with your orders of October 1, 1991. It would be our understanding that these "motions" you speak of would be considered moot and should be withdrawn from the file and docket sheet. [Emphasis added.] A letter from petitioners dated October 17, 1991, was filed October 21, 1991, requesting "a copy of any possible transcripts and other documents filed into this record from March 1, 1991, through March 12, 1991." No further action was taken on this request since the Court concluded that petitioners, by this date, had received all documents and the substance of all transcripts. On October 21, 1991, petitioners filed a document dated October 18, 1991, entitled "Notice of Dishonor and Notice of Objection *270 to Papers Entitled 'Motion for Entry of Decision Against Petitioners' and 'Motion for Award of Damages'" and "Declaration in Support of Notice of Dishonor and Notice of Objection" in which they recount the entire history of this case and raise objections with respect to venue, jurisdiction, and delegated authority, which issues they have raised previously in their numerous filings. OPINION 1. Motion for Entry of Decision Against Petitioners
Rule 123(a) provides that if any party fails to plead or proceed as provided by the Rules or as required by the Court, such party may be held in default on the motion of the other party. A taxpayer who does not appear at trial can be held liable for underlying deficiencies on the ground that he has defaulted by not appearing or that he has failed to carry his burden of proof. Smith v. Commissioner, 91 T.C. 1049, 1052 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Doncaster v. Commissioner, 77 T.C. 334; 336 (1981). Respondent may be entitled to a decision under Rule 123(a) that includes additions to tax for fraud when the taxpayer fails to appear for trial and respondent's pleadings *271 allege specific facts sufficient to sustain a finding of fraud. Smith v. Commissioner, supra at 1058. Petitioners did not properly plead as they never addressed the substantive issues of their case in any of their pleadings. They did not properly proceed as they did not cooperate with respondent in preparation of a stipulation as required by Rule 91, Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), and the standing pretrial order. They did not cooperate with respondent in the request for admissions. We deemed the facts alleged in respondent's request for admissions admitted under Rule 90(e). Petitioners did not comply with respondent's requests for documents or this Court's order that they produce certain documents. Petitioners did not appear at trial. Respondent filed two motions when this case was called for trial, i.e., motion for entry of decision against petitioners and motion for a penalty. We granted these motions in an opinion dated June 11, 1991. When we became aware that the motions had not been served on petitioners, we withdrew our opinion, served the motions on petitioners, and gave them an opportunity to respond. *272 Petitioners' responses merely repeated their old arguments presented many times before in previous filings. They continued to fail to address the merits of the case. Accordingly, we grant respondent's motion for entry of decision against petitioners. The decision against petitioners shall include the additions to tax for fraud. We find that respondent's specific allegations of fact, which are established due to petitioners' default and the deemed admissions under Rule 90(e), are sufficient to establish fraud under section 6653(b)(1) and (2) by petitioners for the years at issue. The elements of fraud under this section are first, that an underpayment exists, and second, that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent. Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Badges of fraud include: (1) Understatement of *273 income or a pattern of underreporting income; (2) failure to keep adequate books and records; (3) failure to cooperate with tax authorities; and (4) failure to file tax returns. Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir. 1987), affg. T.C. Memo. 1986-223; Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172. Respondent has carried her burden of proving an underpayment by each petitioner for each year at issue by clear and convincing evidence based on the established facts. Petitioners engaged in a pattern of underreporting or nonreporting of income. Petitioners claimed a refund for all tax paid for 1980. Petitioners' tax years 1981 and 1982 were examined and taxes were assessed for these years. For the tax years 1983 through 1985, petitioners did not report any income. During the years at issue, Mr. Hunwardsen received income from a commercial sweeping business, leased farm property, livestock sales, and rental property. During 1983 through *274 1985, Mrs. Hunwardsen received income from the sale of Shaklee products, leased farm property, livestock sales, and rental income. This 6-year pattern of underreporting or nonreporting of income by petitioners was done with an intent to evade taxes known to be owing. Petitioners failed to produce any books and records for any years at issue. We can only conclude that such records did not exist. Petitioners' failure to keep books and records was done with the intent to evade taxes known to be owing through concealment of their income. Petitioners failed to cooperate with tax authorities. They did not cooperate with respondent in preparing the case, and have inundated the Court and respondent with motions and correspondence that raised only frivolous tax protester arguments. This noncooperation illustrates petitioners' intent to evade taxes known to be owing by conduct intended to mislead. Petitioners failed to file income tax returns for the years at issue. Based on the record as a whole, we find that petitioners failed to file because they intended to evade taxes known to be owing through concealing their incomes. 2. Penalty Under Section 6673
Respondent moved for *275 a penalty under section 6673 at the March 11, 1991, hearing. Respondent did not renew at that hearing her motion filed January 22, 1991, which requested sanctions if petitioners failed to comply with the Court's order and produce certain documents. We assume that respondent considers the earlier motion for sanctions to be subsumed in the present motion for a penalty. The motion for a penalty under section 6673 was served on petitioners on October 1, 1991, and they were ordered by the Court to respond. Their response, as noted above and as can be seen from the record, was more protester arguments. For proceedings pending or commenced after December 31, 1989, the Tax Court may impose a penalty of up to $ 25,000, if, after that date, a taxpayer takes a position that is frivolous. Sec. 6673; Stamos v. Commissioner, 95 T.C. 624, 638 (1990); Brock v. Commissioner, T.C. Memo. 1990-197. Petitioners filed their petition on January 2, 1990. Petitioners have never addressed the merits of their case. They have continued to raise frivolous tax protester contentions, such as that the Commissioner of Internal Revenue or this Court does not have "delegated *276 authority", "jurisdiction", or "venue" in their case. These arguments have been rejected many times before. Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir. 1985); Stamos v. Commissioner, supra at 638. Accordingly, respondent's motion for a penalty will be granted, and petitioners are required to pay to the United States a penalty of $ 15,000. An order and decision will be entered incorporating respondent's computation under Rule 155 and imposing a penalty under section 6673. Footnotes
1. 50 percent of the amount payable under sec. 6601 with respect to the portion of the underpayment which is attributable to fraud.↩