69 F.3d 543
 76 A.F.T.R.2d 95-7425, 95-2 USTC P 50,624
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry BARRAGAN; Carol Barragan, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70136.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Nov. 2, 1995.
 
 1
 Before: T.G. NELSON and KLEINFELD, Circuit Judges, and LEGGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 * Henry and Carol Barragan appeal the United States Tax Court's decision in favor of the Commissioner of Internal Revenue ("CIR" or "the Commissioner") in their petition under the Internal Revenue Code ("I.R.C."), 26 U.S.C. Secs. 6213, 6214 and 7442, for redetermination of income tax deficiencies and additions for tax years 1983 through 1987. After conducting a trial, the tax court deemed reasonable the CIR's method of determining deficiencies and held Henry Barragan liable for additions to tax due to fraud. We affirm the tax court's decision.
 
 II
 
 4
 Deficiency determination. We review for clear error the tax court's finding that the CIR's assessment was reasonable. Bradford v. CIR, 796 F.2d 303, 307 (9th Cir.1986).
 
 
 5
 "Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." 26 U.S.C. Sec. 6001. "If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income." 26 U.S.C. Sec. 446(b).
 
 
 6
 In this circuit, the Commissioner bears the burden of proving by substantial evidence that taxes are owing; once it has done so, "a presumption usually arises that the assessment is correct." Bradford, 796 F.2d at 305 (quotations and ellipses omitted). The burden then shifts to the taxpayer to show "by a preponderance of the evidence that the determination is arbitrary or erroneous." Id. (quotations omitted); and see Helvering v. Taylor, 293 U.S. 507, 515 (1935) ("Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid."). Should the taxpayer meet this burden, "the presumption [of correctness] disappears." Keogh v. CIR, 713 F.2d 496, 501 (9th Cir.1983).
 
 
 7
 The Barragans argue that the presumption should disappear because the CIR's determination is "excessive and without proper foundation." See Helvering, 293 U.S. at 514, 515 (the CIR's determination is set aside where the taxpayer shows it to be "without rational foundation and excessive" or "arbitrary and excessive."). The Barragans argue that the use of Lundberg averages is unreasonable because it fails to take into account such variables as pioneering. They further argue that the reduction of the originally assessed deficiency, totalling about $900,000, to the post-trial assessment of about $390,000 demonstrates that the CIR's method is unreasonable.
 
 
 8
 Reductions in the deficiency assessed do not destroy the presumption of correctness. Keogh, 713 F.2d at 502. As to the determination method used by the CIR, we observe that we have joined other courts in warning taxpayers who fail to keep adequate records that they are in no position to be "hypercritical" of the Commissioner's labor. See Webb v. CIR, 394 F.2d 366, 372 (5th Cir.1968). We stated in Bradford that:
 
 
 9
 The absence of adequate tax records does not give the Commissioner carte blanche for imposing Draconian absolutes. However, such absence does weaken any critique of the Commissioner's methodology. Arithmetic precision was originally and exclusively in the taxpayer's hands, and he had a statutory duty to provide it. Having defaulted in his duty, he cannot frustrate the Commissioner's reasonable attempts by compelling investigation and recomputation under every means of income determination. Nor should he be overly chagrined at the Tax Court's reluctance to credit every word of his negative wails.
 
 
 10
 Bradford, 796 F.2d at 306 (quoting Webb v. CIR, 394 F.2d 366, 373 (5th Cir.1968) (alterations omitted)).
 
 
 11
 We have approved a variety of statistical methods for reconstructing income in the absence of complete taxpayer records. See, e.g., Edwards v. CIR, 680 F.2d 1268, 1270-71 (9th Cir.1982); Bradford, 796 F.2d at 306-07; Keogh, 713 F.2d at 501-02. We conclude that use of the Lundberg Survey was a reasonable method of computing the Barragans' underreported income.
 
 
 12
 The tax court rejected Henry Barragan's alternative estimate, observing that Mr. Barragan was "not entitled to use the lower of the Lundberg Survey prices or a few known actual prices; his overall prices may well have been higher." The tax court rejected the Barragans' "pioneering" argument based on its finding that Shell's records did not support the Barragans' contention that sales had quadrupled as a result of such discounting. We hold that the tax court did not clearly err in reaching its conclusions.
 
 
 13
 Because the record supports the tax court's conclusion that the CIR's computation method was reasonable, and because the Barragans have not shown that the method was arbitrary or without rational foundation, we hold that the tax court did not clearly err in reaching its conclusion.
 
 III
 
 14
 Fraud. I.R.C. Sec. 6653(b) imposes a penalty "[i]f the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment is attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes is not attributable to fraud." 26 U.S.C. Sec. 6653(b)(2). The Commissioner need not prove the precise amount of the underpayment that resulted from the fraud, but only that some part of the underpayment is due to fraud. Akland v. CIR, 767 F.2d 618, 621 (9th Cir.1985). "The Commissioner must prove fraud by clear and convincing evidence." Bradford, 796 F.2d at 307 (citing I.R.C. Sec. 7454(a)).
 
 
 15
 "The tax court's finding of fraud is factual and will be reversed only if we are 'left with the definite and firm conviction that there is no clear and convincing evidence of fraud.' " Alexander Shokai, Inc. v. CIR, 34 F.3d 1480, 1486 (9th Cir.1994) (quoting Bradford v. CIR, 796 F.2d 303, 307 (9th Cir.1986)), cert. denied, 115 S.Ct. 1690 (1995).
 
 
 16
 The tax court found that the CIR had met its burden of proof with respect to Henry Barragan, and ordered additions to tax for fraud for 1983 through 1986. Barragan argues that the tax court erred in holding that the CIR had met its burden in establishing fraud "solely on a showing of alleged underreported gross receipts." This argument apparently goes to the tax court's denial of Barragan's counsel's Rule 149(b) motion, made at the end of the CIR's case in chief, for dismissal of fraud charges based on respondent's failure to meet its burden in proving fraud. Rule 149(b) is discretionary; it provides that "[f]ailure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded ... may be ground for dismissal or for determination of the affected issue against that party...." Tax Court Rule 149(b) (emphasis added). Because the Barragans had conceded underreporting of gross receipts, and had not shown that they were entitled to offsets or deductions beyond those conceded by the CIR, the tax court properly denied the motion. See Brooks v. CIR, 82 T.C. 413, 430, aff'd in unpublished disposition, 722 F.2d 910 (9th Cir.1985). See also Wheadon v. CIR, T.C.Memo 1992-633, 1992 WL 308628; Astone v. CIR, T.C.Memo 1983-747, 1983 WL 14735.
 
 
 17
 While Barragan is correct that mere underreporting of gross receipts or income is itself insufficient to support a finding of fraud, "repeated understatements in successive years when coupled with other circumstances showing an intent to conceal or misstate taxable income present a basis on which the Tax Court may properly infer fraud." Furnish v. CIR, 262 F.2d 727, 728 (9th Cir.1958). The Barragans multimillion dollar underreporting for 1983 through 1986, together with other circumstances, establishes a pattern for purposes of finding fraud. (Their claim that they underreported for only part of 1986 does not get them off the hook for that year.) While two years do not "a pattern make," Loftin & Woodard, Inc. v. United States, 577 F.2d 1206, 1239 (5th Cir.1978), four unquestionably do. See Edelson v. CIR, 829 F.2d 828, 832 (9th Cir.1987); Webb, 394 F.2d at 379.
 
 
 18
 "A court may infer fraudulent intent from various kinds of circumstantial evidence." Edelson, 829 F.2d at 832. We have identified a number of circumstances or "badges" by which to infer fraudulent intent, including: "(1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; and (6) failure to cooperate with tax authorities." Id.; Bradford, 796 F.2d 307-308 (adding to this list "engage[ment] in illegal activities").
 
 
 19
 At the conclusion of trial, the tax court found that the Barragans had failed to account for their underreporting of gross receipts. The court found on consideration of the entire record that Henry Barragan had kept inadequate records, made implausible protestations of ignorance about the omissions in his returns, and filed false state tax returns.[1]
 
 
 20
 The Barragans' pattern of substantial underreporting, along with the evidence of insufficient records and Barragan's implausible explanations for the disappearance of the records and his failure to notice substantial errors on his returns, support the tax court's conclusion that the CIR met its burden of proving fraud by clear and convincing evidence.
 
 
 21
 Accordingly, we hold that the tax court's holding that Barragan is liable for fraud penalties under Sec. 6653(b) is not clearly erroneous, and we affirm.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 While, as the tax court recognized, reasonable reliance on a competent agent may be a sufficient defense to fraud, the defense is viable only when the agent has been provided with complete information from which an accurate return could have been prepared and there is no other evidence indicating fraudulent intent. See Merritt v. CIR, 301 F.2d 484 (5th Cir.1962). The tax court found not credible Barragan's claims that he provided complete records to Zepeda, that Zepeda ignored the records and used incorrect figures, that Zepeda "adjusted" the figures so that the taxable income was correctly represented, and that Zepeda lost most of the records submitted for 1983 through 1986. The court also found not credible the proposition that Barragan, a knowledgeable businessman who oversaw on a daily basis the flow of gasoline to and from his stations, remained ignorant of the errors and missing schedules on his returns