HARRY RICHMAN AND ROSE RICHMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentRichman v. CommissionerDocket No. 17360-91United States Tax CourtT.C. Memo 1993-32; 1993 Tax Ct. Memo LEXIS 27; 65 T.C.M. (CCH) 1808; January 28, 1993, Filed *27 An order denying petitioners' motion for summary judgment will be issued. For petitioners: Jared J. ScharfFor respondent: William Gregg. PANUTHOSPANUTHOSMEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. 1 This case is before the Court on petitioners' motion for summary judgment. Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions To TaxYearDeficiencySec. 6653(b)(1)Sec. 6653(b)(2)1983$ 4,173$ 2,08750% of the interest due on the deficiency19843,7271,86450% of the interest due on the deficiency19852,1421,07150% of the interest due on the deficiencyRespondent mailed the statutory notice of deficiency on June 28, 1991. The deficiencies*28 arise from respondent's determination that petitioners failed to report interest income received from the Hyfin Credit Union (Hyfin). Respondent also determined that a part of the underpayment was due to fraud. A timely petition was filed on August 5, 1991. At the time the petition herein was filed, petitioners were residents of New York, New York. In the petition, petitioners affirmatively allege that the period of limitations on assessment expired. Respondent, in her answer, claims the limitations period for assessment has not expired because petitioners fraudulently intended to evade tax when they omitted the interest income from their tax returns. See sec. 6501(c)(1). Petitioners allege in their motion for summary judgment that there is no genuine issue as to any material fact and that a decision should be rendered as a matter of law that petitioners did not file false or fraudulent returns with intent to evade tax within the meaning of section 6501(c)(1) or section 6653(b)(1) and (2). If we find that no part of the underpayment of tax was due to fraud, then it is clear that the period of limitations for assessment has expired and a decision should be entered in favor *29 of petitioners. BackgroundWe find the following facts based on the pleadings and submissions of the parties. 2 Petitioner Harry Richman immigrated to the United States from Poland in 1950. Petitioners own and operate coin-operated washing machines and dryers located in apartment complexes and other buildings. Neither petitioner has the equivalent of a high school diploma. Petitioners are experienced in financial matters. Petitioners had several savings accounts as well as investments in stocks, bonds, partnerships, and rental properties. At issue here are two savings accounts petitioners held at Hyfin. One of the accounts was in the name of petitioner Rose Richman (Rose's account). The other account was in the name of petitioner Harry Richman (Harry's account). *30 The account statements from Hyfin incorrectly listed petitioners' social security numbers as 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. Petitioners did not take any action to correct this error. The account statements from Hyfin also contained the following notice opposite the amount of interest earned for the year: "Will be reported to the IRS as interest for this calendar year". In 1983, petitioners' Hyfin accounts were credited with interest income in the amount of $ 11,617. Petitioners did not report any of this interest income on their 1983 jointly filed Federal income tax return. In 1984, Rose's account was credited with $ 2,267 in interest and Harry's account was credited with $ 10,552 in interest. On their 1984 income tax return, petitioners reported $ 1,191 of the Hyfin interest income. In 1985, Rose's account was credited with $ 2,501 in interest and Harry's account was credited with $ 11,633 in interest. On their 1985 income tax return, petitioners reported $ 2,501 of the Hyfin interest income, which was the amount of interest earned from Rose's account. During the years in issue, petitioners had between $ 100,000 and $ 150,000 deposited with Hyfin. Edmund Lee (Lee) was an officer of Hyfin*31 during the years in issue. Lee previously testified at a trial involving the criminal prosecution of other officers of Hyfin. According to his testimony, Lee made "arrangements" with certain depositors of Hyfin. If a depositor requested, 3 Lee would insure that the interest income for that depositor's account would not be reported to the Internal Revenue Service (IRS). Thus, the plan was that a depositor could omit interest income from his or her tax return and the omission would go undetected by the IRS. Lee made these arrangements for approximately 1,000 accounts. His proffered testimony offered by respondent reflects that Lee does not recall any specific conversations or arrangement with petitioners. Petitioners claim they did not report the interest income from Hyfin because officers of Hyfin informed them their interest was tax exempt. Respondent concedes she recommended that certain officers of Hyfin be criminally prosecuted for, *32 among other things, misinforming depositors that their interest income was tax exempt. 4DiscussionSummary JudgmentUnder Rule 121(b), a decision of summary judgment may be "rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." A material fact is one that "tends to resolve any of the issues which have been properly raised by the parties." 10A Wright et al., Federal Practice and Procedure, sec. 2725 (2d ed. 1983). 5*33 In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), the Supreme Court stated "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." The Court held further that the evidentiary standard for the case must be considered when ruling on a motion for summary judgment. Anderson v. Liberty Lobby, supra at 255. The case at hand involves an allegation of fraud. Therefore, in accordance with the holding in Anderson, we must consider the "clear and convincing" standard in determining if sufficient evidence has been presented for a reasonable fact finder to find in favor of the nonmoving party (respondent). See sec. 7454(a), Rule 142(b). The effect of granting a motion for summary judgment is to decide the case against a party without allowing that party an opportunity for trial. For this reason summary judgment should be cautiously invoked and only granted after careful consideration. Shiosaki v. Commissioner, 61 T.C. 861, 863 (1974). The burden*34 of proof rests with the moving party, here petitioners, to show that there is no dispute about any material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). As indicated earlier, the facts will be viewed in the light most favorable to the party opposing the motion for summary judgment. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Statute of LimitationsAs noted above, respondent's statutory notice of deficiency was mailed to petitioners after the 3-year period of limitations provided in section 6501(a). As a general rule, the Commissioner must assess a deficiency in tax within 3 years from the time the return is filed. However, when a return is false or fraudulent, the statute of limitations is unlimited. Section 6501(c)(1) states: In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.Petitioners claim the evidence is insufficient to support a finding of fraud. If we were to agree with petitioners, respondent would be barred by the statute of limitations*35 from assessing a deficiency against petitioners and summary judgment would be appropriate. Respondent argues summary judgment is inappropriate here because there are sufficient allegations of fact to raise a genuine issue as to whether petitioners fraudulently intended to omit interest income. FraudThe definition of fraud is the same under section 6501(c)(1) and section 6653(b). Asphalt Industries, Inc. v. Commissioner, 384 F.2d 229, 232 (3d Cir. 1967). Thus, if respondent can sustain her burden to establish fraud within the meaning of section 6653(b) against either petitioner, the exception to the normal 3-year period of limitations will apply under section 6501(c)(1). Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970). To show fraud, the Commissioner must prove by clear and convincing evidence that the taxpayer intended to evade the payment of taxes which he knew or believed he owed. Sec. 7454(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181 (1976), affd. without published*36 opinion 578 F.2d 1383 (8th Cir. 1978). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Because fraud can rarely be established by direct proof of the taxpayer's intention, fraud may be proved by circumstantial evidence. Rowlee v. Commissioner, supra.The mere failure to report income is not sufficient to establish fraud. Merrit v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962). Fraud is never presumed but must be established by some independent evidence. Beaver v. Commissioner, 55 T.C. 85 (1970). A few of the badges of fraud include an intent to mislead which may be inferred from a pattern of conduct; a pattern of consistent underreporting of income; and providing implausible or inconsistent explanations of behavior. Holland v. United States, 348 U.S. 121, 137 (1954);*37 Spies v. United States, 317 U.S. 492, 499 (1943); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601. The issue of material fact here is whether petitioners fraudulently intended to omit interest income. Petitioners claim the dispute is not "genuine". That is, petitioners claim the evidence proffered is insufficient to sustain a finding of fraud based on a standard of "clear and convincing evidence". Respondent, on the other hand, argues that the issue of intent creates a genuine issue of material fact. We have held in the past that summary judgment is inappropriate when issues of motive, intent, and other subjective feelings and reactions are material. Espinoza v. Commissioner, 78 T.C. 412, 417 (1982); Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). Respondent claims that the prior testimony of Lee would lead a fact finder to believe that petitioners entered into an arrangement with officers of Hyfin to omit interest income. Respondent contends that this could constitute "clear and convincing" *38 evidence of fraud. However, Lee's proffered testimony is inconclusive with respect to petitioners. While Lee testified in a prior proceeding that he made certain "arrangements" with depositors, he could not recall any specific conversations with petitioners. Furthermore, respondent has conceded that one of the grounds for the criminal prosecution of certain Hyfin officers was the fact that said officers misinformed depositors that said depositors' interest was tax exempt. This seems to support petitioners' claim that petitioners were misinformed that the interest income was tax free. On the other hand, petitioners were experienced in financial matters. They had substantial investments in stocks, bonds, partnerships, and rental properties. If this case were to go to trial, respondent would have the opportunity to question each of the petitioners and inquire as to their knowledge and understanding of the facts surrounding the omission of interest income. We cannot say that a reasonable fact finder could not find fraud. For example, during a 3-year period, petitioners' returns reflected a pattern of omission of interest income. At or around the same time, other depositors were*39 entering into arrangements with the officers of Hyfin to be placed on a "skip list", which resulted in their interest payments not being reported to the IRS. A fact finder could conclude that petitioners entered into such an arrangement. If such an arrangement existed, this would be strong evidence of fraud. Viewing the allegations of fact in a light most favorable to respondent, we find that a genuine issue as to material fact exists. Petitioners' motion for summary judgment will be denied. To reflect the foregoing, An order denying petitioners' motion for summary judgment will be issued. Footnotes1. All section references are to the Internal Revenue Code as in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩2. Where facts are not agreed upon, we view the allegations of fact in the light most favorable to respondent (the party opposing the motion for summary judgment). Naftel v. Commissioner, 85 T.C. 527, 529↩ (1985).3. The depositor would request that his name be placed on a "skip list".↩4. The record does not reflect the specific statutory provisions under which the officers were recommended for prosecution or ultimately prosecuted.↩5. Summary judgment under Rule 121 is derived from Rule 56, Federal Rules of Civil Procedure. See note to Rule 121, 60 T.C. 1127-1128. Therefore, the history and authorities interpreting Rule 56, Federal Rules of Civil Procedure, will be considered and examined to determine whether similar conclusions are appropriate for this Court. See Hoeme v. Commissioner, 63 T.C. 18, 21↩ (1974).