HARRY AND ROSE RICHMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentRichman v. CommissionerDocket No. 17360-91United States Tax CourtT.C. Memo 1994-140; 1994 Tax Ct. Memo LEXIS 142; 67 T.C.M. (CCH) 2582; March 30, 1994, Filed *142 For petitioners: Jared J. Scharf. For respondent: William J. Gregg. LAROLAROMEMORANDUM OPINION LARO, Judge: This case is before the Court on the motion of Harry Richman and Rose Richman (petitioners) for reasonable administrative costs, litigation costs, and attorney's fees under section 7430 1 and Rule 231. 2 The issue for decision is whether petitioners have established that they were the "prevailing party" within the meaning of section 7430(c)(4)(A)(i). We conclude that they have not so established. In a notice of deficiency dated June 28, 1991, respondent determined that petitioners were liable for deficiencies in, and additions*143 to, their Federal income taxes as follows: Additions to TaxYearDeficiencySec. 6653(b)(1) Sec. 6653(b)1983$ 4,173$ 2,087119843,7271,864119852,1421,0711Respondent also determined that petitioners failed to report interest income received from the Hyfin Credit Union (Hyfin) and petitioners' underpayment of tax was attributable to fraud. In an Oral Opinion of this Court dated October 6, 1993, we held that respondent had not met her burden of proving that petitioners' omission of income was attributable to fraud. Because this holding meant that the period of limitations had run on the taxable years in issue, we did not reach the other issues in the case. After we issued our opinion, petitioners filed a motion for reasonable administrative costs, litigation costs, and attorney's fees. In accordance with an order of this Court dated February 14, 1994, respondent filed a response objecting to petitioners' motion. Neither party requested a hearing, and the Court concludes that a hearing is not necessary for the proper consideration*144 and disposition of this motion. Rule 232(a)(3). At the time they filed their petition, petitioners resided in New York, New York. The facts are essentially the same as those contained in our Oral Opinion in this case. 3 We incorporate those facts herein by this reference. We only repeat the facts necessary to clarify the discussion below. Petitioners had two savings accounts at Hyfin. During the years in issue, petitioners received interest income credited to their accounts. Hyfin reported the interest amounts to petitioners on monthly account statements. These statements contained the following notice opposite the amount of interest earned for the year: "Will be reported to the IRS as interest for this calendar year." However, these*145 statements erroneously listed petitioners' Social Security numbers as 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. Petitioners did not receive Forms 1099 for their Hyfin interest income. During the years in issue, the treasurer of Hyfin had falsely informed certain depositors of Hyfin that their interest on Hyfin accounts was tax exempt. In her answer, respondent affirmatively alleged that petitioners knew that Hyfin Credit Union had put them on a "skip" list so that Hyfin would neither report to the Internal Revenue Service (IRS) the amount of interest petitioners earned, nor issue Forms 1099 to petitioners. Respondent also affirmatively alleged that petitioners fraudulently, and with the intent to evade tax, omitted interest income from their tax returns. In order for this Court to award reasonable litigation and administrative costs to a taxpayer under section 7430, an individual taxpayer must meet seven requirements. The taxpayer must: (1) File a timely motion for an award of reasonable litigation and administrative costs. Rule 231(a). Petitioners met this requirement. (2) Substantially prevail in the proceeding in this Court. Sec. 7430(c)(4)(A)(ii). Respondent conceded this requirement. (3) Establish*146 that he or she did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). Respondent alleges that petitioners unreasonably protracted the Tax Court proceedings by filing two motions for summary judgment. Based on our disposition of petitioners' motion, we need not reach this issue. (4) Establish that respondent's positions in the administrative proceeding and the proceeding in this Court were not substantially justified in law or in fact. Sec. 7430(c)(4)(A)(i),(c)(7)(A) and (B); Pierce v. Underwood, 487 U.S. 552, 564-565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 470 (1993). As discussed below, we hold that petitioners did not meet this requirement. (5) Exhaust any administrative remedies available to him or her in the IRS. 4 Sec. 7430(b)(1). Respondent concedes that petitioners met this requirement. *147 (6) Have a net worth that did not exceed $ 2 million at the time the petition was filed in the case. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioners met this requirement. (7) Establish that the amount of costs claimed is reasonable. Sec. 7430(a), (c)(1) and (2). Because of our disposition of petitioners' motion, we do not reach this issue. These seven requirements are in the conjunctive; each requirement must be met before this Court may order an award of litigation and administrative costs to a taxpayer under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. Petitioners have the burden of proof with respect to each and every requirement. Rule 232(e); Welch v. Helvering, 290 U.S. 111, 115 (1933); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). The Court has discretion whether or not to award reasonable litigation and administrative costs to a *148 taxpayer. Powers v. Commissioner, supra at 470, and the cases cited therein; Han v. Commissioner, supra.The parties disagree whether petitioners were the "prevailing party" in the administrative proceeding and the Tax Court litigation. In order to prevail, petitioners must prove that respondent's position in the administrative proceeding or in the proceeding in this Court was not substantially justified. Rule 232(e); sec. 7430(c)(4)(A)(i), (c)(7)(A) and (B); Stieha v. Commissioner, 89 T.C. 784, 790 n.5 (1987); Han v. Commissioner, supra.As the Court observed in Han with respect to administrative proceedings commenced after November 10, 1988, this "not substantially justified" standard is applied as of the separate dates that respondent took positions in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Huffman v. Commissioner, supra at 1143-1147; see also Han v. Commissioner, supra; Caparaso v. Commissioner, T.C. Memo. 1993-255.*149 In Weiss v. Commissioner, 850 F.2d 111 (2d Cir. 1988), revg. and remanding 89 T.C. 779 (1987), the Court of Appeals for the Second Circuit, the court to which this case is appealable, held the date of the notice of deficiency was the proper date to determine the "position of the United States" for purposes of recovering litigation costs. However, as that case was decided under the law in effect before the enactment of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3746, which amended section 7430 to allow for the recovery of costs incurred in administrative proceedings, we will follow the bifurcation approach we announced in Huffman v. Commissioner, supra. See Han v. Commissioner, supra.Thus, for purposes of the administrative proceeding, respondent took a position on June 28, 1991, the date of the notice of deficiency. Sec. 7430(c)(7)(B). For purposes of the proceeding in this Court, respondent took a position on October 7, 1991, the date she filed her answer. Huffman v. Commissioner, supra at 1148.*150 As a point of fact, however, these two positions are the same; the record contains no indication that respondent's position changed after she issued the notice of deficiency. For petitioners to prevail, the facts and circumstances must show either that respondent's position did not have a reasonable basis as a matter of fact or that her position did not have a reasonable basis as a matter of law. Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 470; see also Han v. Commissioner, supra. In other words, petitioners must prove that respondent's position was not "justified to a degree that could satisfy a reasonable person", either (1) as a matter of fact or (2) as a matter of law. Pierce v. Underwood, supra at 565. According to the legislative history under the Tax Reform Act of 1986: The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken*151 into account in making this determination include, (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * *H. Rept. 97-404, at 12 (1981). The fact that respondent lost the case does not, in and of itself, establish that her position was unreasonable. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Lewis v. Commissioner, T.C. Memo. 1990-522. Respondent's position on the date she issued the notice of deficiency and on the date she filed her answer was that petitioners fraudulently failed to report interest income received on their Hyfin savings accounts. A review of the record of this case reveals that, based on the facts available on those dates, respondent was reasonable in determining that petitioners' omission of interest income was attributable to fraud. For example, *152 petitioners' account statements from Hyfin reflected an erroneous Social Security number and these account statements contained a notice that the amount of interest would be reported to the IRS. The question of whether or not omission of income is fraudulent is factual, and depends on a determination of credibility. Accordingly, we denied petitioners' two motions for summary judgment; only after all the evidence came out at trial could we determine that respondent had not met her burden of proving fraud. Cf. Estate of Sell v. Commissioner, T.C. Memo. 1993-325. Under these circumstances, respondent's position was substantially justified. Respondent's legal position was also substantially justified. To establish fraud, respondent had to prove that one or both petitioners intended to evade the payment of taxes. Sec. 7454(a); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); see also Estate of Kahr v. Commissioner, 414 F.2d 621, 625 (2d Cir. 1969), affg. on part and revg. in part 48 T.C. 929 (1967). The existence of fraud is a factual question to be resolved*153 upon consideration of the entire record. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Stone v. Commissioner, 56 T.C. 213, 224 (1971). A taxpayer's entire course of conduct may establish the requisite fraudulent intent. Rowlee v. Commissioner, supra at 1123; Stone v. Commissioner, supra at 224. Because fraud can rarely be established by direct proof of a taxpayer's intent, fraud may be proven by circumstantial evidence. Rowlee v. Commissioner, supra at 1123. The mere failure to report income is not sufficient to establish fraud. Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172. A few of the badges of fraud include an intent to mislead, which may be inferred from a pattern of conduct; a pattern of consistent underreporting of income; and providing implausible or inconsistent explanations of behavior. Spies v. United States, 317 U.S. 492, 499 (1943); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986),*154 affg. T.C. Memo. 1984-601; Douge v. Commissioner, supra at 168. During a 3-year period, petitioners' tax returns reflected a pattern of omission of interest income. Petitioners' account statements reflected erroneous Social Security numbers. Although petitioners claimed they were told that the interest on their Hyfin accounts was tax exempt, their account statements contained a notation that the interest income would be reported to the IRS. Thus, although respondent failed to prove fraud at trial, her legal position was substantially justified. We also note that petitioners did not establish that respondent used the costs and expenses of litigation to extract concessions from them or that respondent pursued the litigation to harass or embarrass them, or out of political motivation. Based on the foregoing, we conclude that respondent's position was substantially justified in both fact and law, and petitioners are not the "prevailing party". Accordingly, we will deny petitioners' motion for costs and fees under section 7430 and Rule 231. To reflect the foregoing, An appropriate order and decision will be entered*155 . Footnotes1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩2. In their motion and attached affidavit, petitioners claimed $ 622.18 in "reasonable administrative and litigation costs", and attorney's fees in the amount of $ 21,960, based on 122 hours at $ 180 per hour.↩1. This amount is 50 percent of the interest on the deficiency for each of the taxable years in issue.↩3. In addition to our Oral Opinion, this Court issued separate opinions on petitioners' two motions for summary judgment. See Richman v. Commissioner, T.C. Memo. 1993-388; Richman v. Commissioner, T.C. Memo. 1993-32↩.4. This requirement only applies to a judgment for an award of reasonable litigation costs. Sec. 7430(b)(1).↩