T.C. Memo. 2007-341

UNITED STATES TAX COURT

CREED J. PEARSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16460-06.              Filed November 19, 2007.

Creed J. Pearson, pro se.

<u>Mary Ann Waters</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in, and additions to, petitioner's Federal income tax for taxable years 1999 through 2003 as follows:

|  |  | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654 |
| 1999 | $379,134 | $274,850.40 | $94,776.00 | $18,346.93 |
| 2000 | 281,581 | 204,144.05 | 70,394.50 | 15,040.43 |
| 2001 | 452,670 | 328,185.75 | 113,167.50 | 18,090.37 |
| 2002 | 109,345 | 79,275.13 | 20,775.55 | 3,653.96 |
| 2003 | 70,143 | 50,853.68 | 9,118.59 | 1,835.66 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions,[1] the issues remaining for decision are:

(1) Whether petitioner is entitled to any expense deductions claimed on Schedule A, Itemized Deductions, or Schedule C, Profit or Loss From Business, above those that respondent concedes. We hold that he is not;

(2) whether petitioner may audit an organization that is not a party to this case and pay the taxes he owes from the proceeds of that audit. We hold that the Internal Revenue Code (the Code) does not permit this offset against petitioner's income tax deficiency;

---

[1] Petitioner concedes that he received income in the amounts that respondent determined for the years in issue. Respondent concedes that petitioner is entitled to some Schedule A itemized deductions and Schedule C business expense deductions.

(3)  whether petitioner is liable for an addition to tax for fraudulent failure to file a return under section 6651(f) or, alternatively, an addition to tax for failure to file a timely return under section 6651(a)(1), for each year in issue.  We hold that he is liable for an addition to tax for failure to file a timely return under section 6651(a)(1) for each year;

(4)  whether petitioner is liable for an addition to tax for failure to pay his tax liability under section 6651(a)(2) for each year in issue.  We hold that he is;

(5)  whether petitioner is liable for an addition to tax for failure to pay estimated tax under section 6654 for each year in issue.  We hold that he is liable for additions to tax for years 2000 through 2003, but not for 1999.

## FINDINGS OF FACT

Some facts have been stipulated and are so found.  The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.

At the time he filed his petition, petitioner resided in Arlington, Virginia.

Petitioner received taxable income of $926,511, $692,617, $1,116,134, $284,120, and $201,718 in 1999, 2000, 2001, 2002, and 2003, respectively.  The bulk of this was self-employment income that petitioner received as a hospital reimbursement consultant. During the relevant period, petitioner worked with nearly 1,000

hospitals reviewing and preparing Medicare cost reports.
Petitioner performed all of the auditing work himself, and the
hospitals compensated him with a percentage of the additional
payments he obtained for them.  In connection with his business,
petitioner paid commissions to business associates who obtained
contracts for him, made Freedom of Information Act (FOIA)
requests, and incurred other expenses.  Petitioner also paid
$75,503 of mortgage interest during this period.

Petitioner began his business before 1996, and he timely
filed his Federal income tax returns and paid his tax liabilities
every year through 1998.  Petitioner filed extensions to file tax
returns for years 1999 through 2003, but he did not file returns
for those years.  During an examination of the years in issue, a
revenue agent attempted to meet with petitioner and to obtain
documents from him, but petitioner was unresponsive.  As a
result, respondent requested documents from third parties and
prepared returns for years 1999 through 2003 pursuant to section
6020(b).  Petitioner did not make estimated tax payments or have
any withholding for those years, but he did make a $112,000
payment toward his 2000 tax liability.

On May 24, 2006, respondent issued a notice of deficiency to
petitioner for years 1999 through 2003, and petitioner timely
petitioned this Court contesting respondent's determinations.
Petitioner strongly opposes the beliefs and actions of a

particular organization (the Organization), and he asks that we allow him to audit the Organization and pay the taxes he owes out of the proceeds of that audit, even though petitioner's tax liability is not related to the Organization. Petitioner has not filed Federal income tax returns for any year after 2003, and he does not intend to file voluntarily any returns or pay any tax until respondent takes some action against the Organization. In trying to resolve some of the issues in this case, petitioner has provided summaries of his expenses for the years in issue but has not provided any corroborating documents.

OPINION

## Deductions

A taxpayer bears the burden of proving that the Commissioner's determinations set forth in the notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and a taxpayer has the burden of proving that he is entitled to the deductions claimed. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In addition, a taxpayer must keep sufficient records to substantiate any deductions claimed. Sec. 6001; New Colonial Ice. Co. v. Helvering, supra at 440. Section 7491(a) does not apply in this case because petitioner has not substantiated the deductions he

seeks or shown that he has maintained sufficient records.  Sec. 7491(a)(2)(A) and (B).

In his petition, petitioner claimed that respondent erred by not computing his deductions for Schedule C expenses, Schedule A interest, charitable contributions, and property taxes paid during the years in issue, but he did not state how much these expenses amounted to.  As evidence that he is entitled to deductions, petitioner introduced two summaries of his expenses during the years in issue.  The summaries contain general captions such as "PHONE", "DONATIONS", and "AM EXP GOLD", the amounts of the expenses, and usually dates for each expense.  However, the summaries provide no indication of which expenses were for business purposes and which were for personal purposes, and it is not clear which of the expenses petitioner is seeking to deduct.  Petitioner credibly testified that he paid commissions to business associates in exchange for referrals, and the names of these associates match some of the captions on the expense summaries.

On the basis of this evidence and information that petitioner provided while negotiating with respondent, respondent concedes that under section 162(a) petitioner is entitled to $214,645, $122,520, $239,965, $82,986, and $29,904 of Schedule C business expense deductions for commissions and FOIA request fees paid for taxable years 1999, 2000, 2001, 2002, and 2003,

respectively. On the basis of third party information returns, respondent also concedes that under section 163 petitioner is entitled to Schedule A deductions for mortgage interest expenses in the amounts of $22,000, $18,933, $17,909, and $16,661 for taxable years 2000, 2001, 2002, and 2003, respectively. We accept these concessions. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

As to the remaining expenses, petitioner offered no evidence that he actually incurred them or that he is entitled to a deduction for them, and therefore he has not met his burden of proving that he is entitled to claim deductions for any expenses to the extent that they exceed respondent's concessions.

Petitioner's Audit Request

Petitioner asks that we allow him to audit the Organization, which is not a party to this case, and that he be able to pay his taxes out of the proceeds of that audit. There is no provision in the Code that gives us the authority to allow one taxpayer to audit another taxpayer in order to reduce his tax deficiency. Therefore, we deny petitioner's request.

Additions to Tax

Section 6651(f) and (a)

Respondent asserts that petitioner is liable for an addition to tax under section 6651(f) for each year in issue. Section 6651(f) imposes a penalty of up to 75 percent of the amount of

tax required to be shown on the tax return if a taxpayer fails to file a required return due to fraud. Alternatively, respondent asserts that petitioner is liable for additions to tax under section 6651(a). Section 6651(a) imposes an addition to tax of up to 25 percent of the amount required to be shown as tax if a taxpayer fails to file a timely return.

Petitioner concedes that he received significant income each year from 1999 through 2003, and he failed to file Federal income tax returns for those years. Therefore, to determine whether petitioner is liable for the additions to tax under section 6651(f), we need only to determine whether petitioner possessed the requisite fraudulent intent.

The Commissioner bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Mere suspicion of fraud is not sufficient. Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989). Fraud is an intentional wrongdoing designed to evade taxes believed to be owing. Miller v. Commissioner, 94 T.C. 316, 332 (1990).[2] Therefore, the Commissioner must show that the taxpayer failed to file a required return with the intent to evade taxes known or believed

---

[2] We consider the same factors under sec. 6651(f) that are considered in imposing the fraud penalty under sec. 6663 and former sec. 6653(b). Clayton v. Commissioner, 102 T.C. 632, 653 (1994); see also Neely v. Commissioner, 116 T.C. 79, 85-86 (2001) (applying the extensive body of law addressing fraud in the context of income, estate, and gift taxes to the employment tax context).

to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 661 (1990). The Commissioner may not simply rely upon the taxpayer's failure to show error in the determinations of the deficiencies. DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Furthermore, the mere failure to report income is not sufficient to establish fraud, Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172, but a pattern of consistent underreporting of income, especially when accompanied by other circumstances showing an intent to conceal, may justify the inference of fraud, Holland v. United States, 348 U.S. 121, 139 (1954); Parks v. Commissioner, supra at 664. However, where there is no evidence of fraudulent intent, such as falsification, concealment, or deception, the Commissioner has not carried his burden. Kotmair v. Commissioner, 86 T.C. 1253, 1260 (1986).

After considering petitioner's testimony as a whole, we find that petitioner lacked the requisite fraudulent intent at the times he was required to file returns for 1999 through 2003. As respondent points out, petitioner failed to file returns for 1999 through 2003, did not make estimated tax payments for those years, and was not particularly cooperative with respondent, and these are "badges of fraud" from which we may infer fraudulent intent. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir.

1986), affg. T.C. Memo. 1984-601. However, respondent offered no evidence that petitioner tried to mislead, conceal, or deceive respondent. Mere unhelpfulness is not sufficient. Petitioner has clearly been consumed with the Organization for many years, and his testimony at trial was strong evidence that this obsession, rather than an intention to deceive, was the cause of petitioner's failure to file timely returns. While his current position is that he will not file returns or pay taxes unless his demands are met, there is no evidence that petitioner had formed this intention when he was required to file his returns for 1999 through 2003. Therefore, we find that respondent has failed to carry his burden of proving fraud by clear and convincing evidence.

Section 6651(a)(1) imposes an addition to tax if a taxpayer fails to timely file a required Federal income tax return, unless the taxpayer shows that the failure is due to reasonable cause and not due to willful neglect. Section 7491(c) places the burden of production on the Commissioner to present sufficient evidence showing that the imposition of an addition to tax or penalty on a taxpayer is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If the Commissioner makes such a showing, the burden of proof is on the taxpayer to raise any issues that would negate the appropriateness of the penalty, such as reasonable cause. Id.

Petitioner stipulated that he failed to file Federal income tax returns for 1999 through 2003. Furthermore, petitioner's only explanation for failing to file is that he was not sure that he was required to file, which is not a reasonable cause in these circumstances. See United States v. Boyle, 469 U.S. 241, 251 (1985). Therefore, we find that petitioner is liable for an addition to tax under section 6651(a) for each year in issue.

Section 6651(a)(2)

Respondent claims that petitioner is liable for an addition to tax under section 6651(a)(2) for each year in issue. Section 6651(a)(2) imposes an addition to tax of 0.5 percent per month (up to a maximum of 25 percent) for failure to make timely payment of the tax shown on a return, unless the taxpayer shows that the failure is due to reasonable cause, and not due to willful neglect. The addition to tax applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Under section 6651(g), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).

The Commissioner bears the burden of producing evidence that the imposition of an addition to tax under section 6651(a)(2) is appropriate, and upon such proof the taxpayer bears the burden of

proving that his failure to pay was due to a reasonable cause. Sec. 7491(c); Higbee v. Commissioner, supra.

The parties stipulated that respondent prepared returns pursuant to section 6020(b), and petitioner has not paid any of the liability shown on those returns above the $112,000 he already paid toward his 2000 tax liability.  Petitioner's statement that he will pay his tax liabilities when respondent takes action against the Organization does not establish that he failed to pay his tax liabilities due to a reasonable cause, and therefore we hold that petitioner is liable for the addition to tax under section 6651(a)(2) for each of the years 1999 through 2003 as computed by respondent.

Section 6654

Respondent also determined that petitioner is liable for additions to tax under section 6654 for failure to pay estimated income taxes for 1999 through 2003.  A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year.  Sec. 6654(d).  A "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown due for the year in issue (or, if no return is filed, 90 percent of his tax for such year), or (2) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(B).  If the adjusted gross income shown on the

taxpayer's return for the preceding taxable year exceeds $150,000, a higher percentage may apply.  Sec. 6654(d)(1)(C).

Respondent has proven that petitioner (1) was required to file returns for 1999 through 2003, (2) did not file returns for those years, (3) had an obligation to pay tax for each of those years, and (4) did not make any estimated tax payments for those years or have any tax withheld.  Therefore, respondent has met his burden of production with respect to taxable years 2000 through 2003 because petitioner had a required annual payment under section 6654(d)(1)(B) for each of those years.  Sec. 7491(c).  Petitioner has provided no contrary evidence, and we find that no exemption under section 6654(e) applies. Accordingly, we hold that petitioner is liable for the additions to tax under section 6654 for taxable years 2000 through 2003.

With respect to taxable year 1999, petitioner stipulated that he had a tax liability for 1998 and paid this liability, but the record contains no evidence as to the amount of petitioner's tax liability for 1998.  We have held that the Commissioner must introduce evidence showing whether a taxpayer filed a return for the year preceding the year in issue and, if so, the amount of the tax shown on the return, in order to meet his burden; without that information, the Court cannot complete the comparison required by section 6654(d)(1)(B).  Wheeler v. Commissioner, 127 T.C. 200, 212 (2006); Smith v. Commissioner, T.C. Memo. 2007-121;

Brooks v. Commissioner, T.C. Memo. 2007-80. The present case is partially distinguishable because it is undisputed that petitioner filed a return for 1998, he had some tax liability in 1998, he made no estimated tax payments for 1999, and he had no tax withheld for 1999. Therefore, petitioner had an obligation to make some amount of estimated tax payment for 1999, but he failed to do so. However, respondent produced no evidence of how much tax was shown on petitioner's return for 1998. Without this evidence we cannot ascertain whether the required annual payment for 1999 is determined by the amount of petitioner's tax liability for 1999, as respondent determined, or the amount shown on his 1998 return, which could yield a much lower addition to tax. Therefore, respondent has not met his burden of producing evidence that petitioner is liable for an addition to tax under section 6654(a) for taxable year 1999. See Wheeler v. Commissioner, supra; Higbee v. Commissioner, supra.

Conclusion

In sum, we conclude that petitioner is not entitled to any Schedule A itemized deductions or Schedule C business expense deductions above those that respondent has conceded. In addition, petitioner's proposal to audit the Organization to offset his income tax deficiency is not permitted by the Code. Finally, petitioner is liable for additions to tax under section

6651(a)(1) and (2) for each year in issue, and under section 6654 for years 2000 through 2003.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.